THOMAS MYRON v. THE MICHIGAN CENTRAL RAILROAD COM-
PANY.

*Negligence—Defective cattle-guard—Province of the jury to choose between
antagonistic testimony.*

On a review of this case (see opinion), *held,* that it was one eminently
proper to be submitted to a jury.

Error to Kalamazoo.    (Mills, J.)    Argued April 29, 1886.
Decided May 12, 1886.

Case.    Defendant brings error.    Affirmed.    The facts are
stated in the opinion.

*Edwards & Stewart* and *Ashley Pond,* for appellant.

*L. N. Burke* and *O. T. Tuthill,* for plaintiff.

MORSE, J. The plaintiff, in July, 1882, owned two horses,
which he used in the business of farming.    One night he
turned them into an inclosed field, distant about 40 rods
from the railroad, and not adjoining thereto.

In some way they escaped from this lot into the highway,
and were found the next morning upon the railroad line, one
dead and the other injured.

The testimony of the plaintiff and his witnesses tended to
show that the horses got upon the premises of the company
from the highway through a defective cattle-guard.    There
is no dispute but the injury to the animals was occasioned by
a train running on defendant's road, but the defendant's
counsel claim that there was no evidence to go to the jury
showing the negligence of the defendant, and that the court
below should have directed a verdict for the company.

There was the usual conflict of testimony found in this
class of cases.    The plaintiff testified that the morning the
horses were found injured he examined the cattle-guard in
question.

"One rail was thrown awry over to one side,—was a poor cattle-guard otherwise. The other rails were broke in two, —pieces of board on right hand side ; cattle-guard quite shallow; don't think it was a foot deep ; seemed to be sand washed in there."

He saw the tracks of the horses from a culvert to the cattle-guard, and tracks through the cattle-guard. Saw hair and blood where the horse was struck, and dragged five or six rods. He was corroborated as to the condition of the cattle-guard by two or three witnesses, while some six persons testified to seeing the tracks of the horses in the cattle-guard, and passing through it.

The engineer swore that he struck the horses on the highway crossing, and carried them over the cattle-guard, and that it was about 3 o'clock in the morning. Three other employes of the company testified that the cattle-guard was all right that morning after the injury,—no slats out and none broken, and no tracks of horses to be seen in the cattle-guard ; and one testified that it was in good repair and perfect condition the night before.

The only evidence of the condition of the cattle-guard the night before was that of this employe, one McPherson, and it is contended, in effect, that his testimony must be taken as true ; and, as the foreman testified he had no notice of any defect in the cattle-guard, the defendant cannot be held responsible; but it must be remembered that this same witness also testified that nothing was the matter with the cattle-guard in the morning, and there were no horses' tracks to be seen as having passed through it.

Here was a matter about which there could be no mistake. Either the witnesses for the plaintiff were testifying falsely about the slats being gone out and broken, or this man and other employes of the company were stating an untruth as to its condition. The jury were authorized, and it was their peculiar province, to choose between the two antagonistic stories. If they believed the plaintiff, they must have determined that McPherson was lying about the condition of the cattle-guard in the morning; and, if they so found, they

were authorized to legitimately infer that he was not stating the truth about its condition the night before. If they found him false in one thing, they were not bound to believe him in anything.

This disposes of the claim that the undisputed evidence showed the cattle-guard to be in good condition the evening before the injury.

It is also urged that the plaintiff, when he first laid claim for damages, through a letter written by his attorney, attributed the injury to the defective fence of the defendant, and for that reason ought not now to recover for a defective cattle-guard. This was a matter going only to the credibility of the testimony of the plaintiff as to what he noticed about the cattle-guard. The judge properly presented this matter, and in fact the whole case, to the jury. The only error assigned is that he refused to charge that, under all the testimony in the case, the plaintiff could not recover.

We think the case was one eminently proper for the intervention of a jury. There was no dispute in law, and the only thing to be ascertained was one of fact as to the condition of the cattle-guard.

If the story of the plaintiff was true, the cattle-guard was in an unsafe and imperfect condition, and must have been so for a sufficient period before the injury to fasten the liability upon the defendant.

The judgment must be affirmed, with costs.

The other Justices concurred.