SIMPSON *v.* NESHOBA COUNTY.

(Division B. April 14, 1930.)

[127 So. 692. No. 28580.]

218

W. H. Cox, of Jackson, for appellant.

W. H. Cox, of Jackson, for appellant.

F. W. Bradshaw and Flowers, Brown & Hester, all of Jackson, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This suit was instituted in the police justice court of the city of Jackson against W. W. Newsom, a resident of said city in Hinds county, and against Neshoba county, a political subdivision of the state of Mississippi. The cause of action was based upon a written assignment of the salary of W. W. Newsom to be earned in Neshoba county, Mississippi, as circuit court stenographer for the February, 1928, term of the said court; the amount was for one hundred fifty dollars. Newsom made a written assignment of this salary to the plaintiff and also gave the appellant an order on the chancery clerk of said county to pay over said pay warrant to plaintiff, Simpson, when it was issued. Newsom earned the money from the county, and the plaintiff requested payment under the provisions of the assignment and the order from Newsom, but payment was refused by Neshoba county. The assignment was not without recourse on the maker Newsom, who lived in the city of Jackson, Hinds county, Mississippi.

When the suit was filed in the police justice court the county of Neshoba was joined as codefendant in the action accruing on the above assignment. The county appeared and moved for a dismissal of said cause for want of jurisdiction of the court against it. The police justice court overruled it and rendered judgment for the plaintiff. There was an appeal to the county court where the plea was again renewed, and the county court sustained the plea and dismissed the cause of action as to Neshoba county. From the county court an appeal was taken to the circuit court of Hinds county where the judgment of the county court dismissing the suit was affirmed, from which the case is appealed here.

Section 3980 of Hemingway's 1927 Code (section 309, Code of 1906), provides: "Any county may sue and be

sued by its name, and suits against the county shall be instituted in any court having jurisdiction of the amount sitting at the county site; but suit shall not be brought by the county without the authority of the board of super-visors, except as otherwise provided by law.''

Section 2378 of Hemingway's 1927 Code (section 2724, Code of 1906), provides, among other things, that: ''But every freeholder or householder of the county shall be sued in the district in which he resides, if there be a justice acting therein and qualified to try the suit, etc.''

Section 2379 of Hemingway's 1927 Code (section 2725, Code of 1906), provides: ''In suits or proceedings against two or more defendants, jointly or jointly and severally liable, it shall be lawful to bring the suit before any justice of the peace of the district wherein either of the defendants reside; and such justice shall have power to issue a summons or other process to bring in all codefendants from any other district or from any other county.''

It is the contention of the appellant that under the last section it was competent to sue Newsom in the county and district of his residence and bring the county into said district as a codefendant. It is our view that this contention is not well founded. A county is a subdivision of the state and partakes of the sovereignty of the state and can only be sued in the way and on the conditions prescribed by law, and section 3980 of Hemingway's 1927 Code (section 309, Code of 1906), has provided how a county may be sued, and where the suit shall be instituted. This statute is not affected by the general statute as to ordinary parties litigant. There is sound reason for requiring a county to be sued in the county, or in the court which sits at the county site and has jurisdiction of the suit. A county can only act through its officers, and these officers are charged with various duties for the public welfare. In defending suits against counties, the officers might be taken out of the county or called away from their public duties and the public interests would suffer in many cases by reason of their absence from their duties while attending court in other places

than at the county site. The records might often have to be carried away from the county site, if such suits were maintained, to the place where the suit was tried and would endanger the safety of the said records and discommode the public who might desire to resort to the records for any lawful purposes for which they are made and used. It is our view that section 3980 of Hemingway's 1927 Code (section 309, Code of 1906), is a special statute covering the subject-matter of suits against counties and is not modified or affected by the other sections as to venue of suits.

It follows from these views that the judgment of the court below must be affirmed.

Affirmed.