## THOMAS v. OKLAHOMA POWER & WATER CO. et al.

### No. 2469.

District Court, N. D. Oklahoma.
Aug. 9, 1937.

R. L. Suddath and Roy F. Ford, both of Tulsa, Okl., for plaintiff.

V. E. McInnis, of Oklahoma City, Okl., and E. J. Doerner, of Tulsa, Okl., for defendant Oklahoma Power & Water Co.

FRANKLIN E. KENNAMER, District Judge.

This action was commenced in the state district court of Creek county, and was removed here upon the petition of defendant Oklahoma Power & Water Company. This defendant is a corporation of the State of Delaware. The defendant City of Sand Springs is a municipal corporation under the laws of the State of Oklahoma and is located in Tulsa county in said state.

The petition filed in the state court clearly states a joint cause of action against the defendants. Therefore, no separable controversy as to the removing defendant can be predicated upon the allegations of liability disclosed by said petition. However, the removing defendant contends that the action against its codefendant, City of Sand Springs, cannot be maintained in the state court of Creek county, but that the law of Oklahoma exempts such defendant from suit, in a case such as this, in any county of the state other than Tulsa county where such municipal corporation is situated; and that for such reason the motion to remand should be denied.

The Supreme Court of Oklahoma has held that the laws of Oklahoma permit a municipality to be sued in the county of its situs, or in any other county where the cause of action arose. Board of Com'rs of Kiowa County v. Kiowa National Bank, 141 Okl. 271, 284 P. 634; Oklahoma City v. District Court, 168 Okl. 235, 32 P.(2d) 318, 93 A.L.R. 489; Oklahoma City v. Rose, 176 Okl. 607, 56 P.(2d) 775.

It is admitted that plaintiff's cause of action did not arise in Creek county, and it is also admitted that the defendant City of Sand Springs has filed in the state court its objection to the venue. The defendant Oklahoma Water & Power Company was properly summoned in Creek county, and plaintiff urges that because of this fact the City of Sand Springs is also subject to that venue. The Oklahoma Supreme Court has never passed on this precise question; it has decided that a municipal corporation may waive its statutory privilege to be sued in the county of its situs, as the matter of venue only is involved. Oklahoma Railway Co. v. Boyd, 140 Okl. 45, 282 P. 157. See other Oklahoma cases, supra.

True, if the state court of Creek county is without jurisdiction over the defendant City of Sand Springs, then its codefendant should be entitled to remove the action. But the question presented, as before stated, is one of venue and not of jurisdiction, as unquestionably the state court has jurisdiction of the subject-matter of the action. To my mind the better reasoned cases uphold the view that in a situation of this kind the plea of privilege of the City of Sand Springs should be sustained by the state court, since such municipality has its situs in Tulsa county and the cause of action did not arise in Creek county. Among these cases may be cited the following: Nashville v. Webb, 114 Tenn. 432, 85 S.W. 404, 4 Ann.Cas. 1169; Pack v. Greenbush Tp., 62 Mich. 122, 28 N.W. 146; Simpson v. Neshoba County, 157 Miss. 217, 127 So. 692; Trader v. Southwestern Bell Telephone Co., 145 Kan. 690, 66 P.(2d) 414; City of Corpus Christi v. Coffin (Tex.Civ.App.) 35 S.W.(2d) 202. This question, however, being one of venue and not of jurisdiction, is for the state court to determine. If the state court sustains the plea of privilege presented by the City of Sand Springs, then the case will become removable by the Oklahoma Water & Power Company; but in the present state of the record it is my opinion said defendant is not now entitled to removal.

Accordingly, the motion of plaintiff to remand is sustained, and the cause is hereby remanded to the state court.