[S. F. No. 20794.   In Bank.   Sept. 21, 1961.]

RENEE NEWMAN et al., Plaintiffs and Respondents v. COUNTY OF SONOMA, Defendant and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Phelps and Robert A. Seligson for Defendant and Appellant.

James Murray for Plaintiffs and Respondents.

GIBSON, C. J.—This is an appeal by Sonoma County from an order denying its motion for a change of venue.

The action was commenced in San Francisco against the Northwestern Pacific Railroad Company and Sonoma County to recover damages for personal injuries and wrongful death. The railroad company is a corporation having its principal place of business in San Francisco, and the accident occurred at a railroad crossing in Sonoma County.

The complaint was filed on April 28, 1958; the county answered in July 1958 and demanded a jury trial. In the latter part of June 1959 plaintiffs made a settlement agreement with the railroad company and gave it a covenant not to sue. The trial court approved the settlement agreement, and the county was notified. A pretrial conference was had on October 5, 1959, and December 14 was set as the date for trial. Briefs were prepared by the county as well as by plaintiffs, and the complaint was amended on December 8, 1959. For reasons that do not appear in the record, the trial was not commenced on the date set. On May 17, 1960, Sonoma County made a motion for a change of venue to that county, and, after plaintiffs filed a memorandum of points and authorities in opposition, the court denied the motion.

It is clear that insofar as concerns the railroad company the action was properly commenced in San Francisco. Section 16 of article XII of the Constitution provides, "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

Section 394 of the Code of Civil Procedure, upon which the motion for a change of venue was based, contains several provisions relating to the place of trial of actions by or against counties and cities and provides in part that any negligence action against a county for an injury occurring therein to person or property "shall be tried in such county."

The first question presented is whether section 394 affects jurisdiction in the fundamental sense, that is, whether only

the Superior Court of Sonoma County and no other court has the power to try the action. ■■■ Except in a few cases in which the Constitution makes the place of trial jurisdictional (see art. VI, § 5) or a statute makes a local place of trial part of the grant of subject matter jurisdiction, venue is not jurisdictional. (See 1 Witkin, California Procedure, pp. 699, 719.)

■■ Section 394 is not the statute granting subject matter jurisdiction in this type of case and does not purport to specify the place of trial as part of such a grant. The authority to sue counties is set forth in the Government Code, without any limitation as to the place of the suit. (Gov. Code, § 23004, subd. (a).) The Legislature, instead of including the provision before us as part of the authorization in the Government Code, placed it in the Code of Civil Procedure among several venue provisions which are clearly not jurisdictional. (See *Herd* v. *Tuohy,* 133 Cal. 55, 59-60 [65 P. 139].) It should also be noted that section 394 provides that upon stipulation of the parties actions referred to in the section may be tried in any county.

The county relies on *McPheeters* v. *Board of Medical Examiners,* 74 Cal.App.2d 46, 49 [168 P.2d 65], and *State* v. *Superior Court,* 14 Cal.App.2d 718, 721, 723 [58 P.2d 1322], which, in considering statutes dealing with places to maintain suit against state agencies, used language to the effect that courts other than those specified lacked jurisdiction. These decisions, even if their reasoning be accepted as sound, are readily distinguishable from the present case. In *McPheeters* v. *Board of Medical Examiners,* the specification of places for commencement of certain actions was set forth in the section of the Business and Professions Code granting the right to maintain the actions. *State of California* v. *Superior Court* also involved a special statute not appearing among the venue provisions of the Code of Civil Procedure, and the basic question was whether *prohibition* should issue, so that the court was not called upon to determine whether there was a lack of jurisdiction in the fundamental sense. (See *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].)

It is clear, therefore, that section 394 is not jurisdictional in the fundamental sense, but the county contends that the statute is nevertheless mandatory and that the trial court erred in denying the motion for a change of venue. In this connection we need not consider what the proper relationship

between section 16 of article XII of the Constitution and section 394 of the Code of Civil Procedure would be in a situation where both provisions are injected into the case by a joinder of defendants and remain operative until a motion for a change of venue is made under the statute. ■ Even if it be assumed that the constitutional provision precluded application of section 394 at the outset of the action, the county could have resorted to the statute as of the time of the settlement agreement between plaintiffs and the railroad company. In view of the extent to which the county, after learning of the agreement, participated in the proceedings and delayed in making its motion, the trial court was entitled to determine that the county did not act within a reasonable time. Although section 394 does not specify the time within which a motion thereunder is to be made, we are satisfied that such a motion must be made within a reasonable time. ■ The general rule is that a party seeking a change of venue must act within a reasonable time (*Cooney* v. *Cooney*, 25 Cal.2d 202, 208 [153 P.2d 334]; *Pascoe* v. *Baker*, 158 Cal. 232, 233-234 [110 P. 815]), and there is no sound basis for concluding that the Legislature intended to depart from this rule in enacting section 394.

The order denying the motion for a change of venue is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.