[Civ. No. 11251.    Third Dist.    Dec. 10, 1965.]

STATE OF CALIFORNIA, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; BEATRICE VINCENT et al., Real Parties in Interest.

Harry S. Fenton, Robert F. Carlson, Kenneth G. Nellis and Warren C. Conklin for Petitioner.

No appearance for Respondent.

John Brownston, and Mento, Buchler & Littlefield for Real Parties in Interest.

GOOD, J. pro tem.*—A complaint was filed in the Superior Court of the State of California in and for the County of Sacramento by Beatrice Vincent against the State of California and Lorenzo Bertolucci. She alleges that she was riding in an automobile driven by her husband on Highway 50 in El Dorado County when she sustained injury by reason of the negligence of the state in maintaining a dangerous condition of public property and of defendant Bertolucci in driving his automobile. The combined import of her complaint and affidavits filed in support of the countermotion to retain venue is that at that time and place her husband, without warning by way of flagman, sign or other signal, was suddenly confronted with a Department of Public Works road construction crew and equipment obstructing the highway. Forced to slow and stop, he was struck from the rear by defendant Bertolucci.

Relying on Government Code section 955.2, defendant State of California, without answer or demurrer, filed a motion to change venue to El Dorado County, the county where the alleged injuries occurred. Plaintiff filed a countermotion to retain jurisdiction in Sacramento County and apparently was joined therein by defendant Bertolucci. In addition to the circumstances of the collision noted above, the affidavits filed in support of the motion to retain jurisdiction allege that both plaintiff and her husband, as well as her treating physicians and auto repair man, all reside in Sacramento County; that no material witnesses reside in El Dorado County, but if any are later discovered no inconvenience would result by reason of ease of travel between El Dorado and Sacramento Counties.

When the motions were heard, the state was ordered to file an answer within five days and the hearing continued some four weeks thereafter. The state proceeded forthwith to file the present petition for writ of mandate to require the Sacramento Superior Court to suspend further proceedings except to order the case transferred to El Dorado County. An alternative writ was issued by this court and both plaintiff and defendant Bertolucci join in opposition thereto.

These circumstances bring about a case of first impression so far as we have been able to ascertain involving the appli-

*Assigned by the Chairman of the Judicial Council.

cation of Government Code section 955.2 to a motion for change of venue filed by the state where it is a defendant in an action for personal injuries alleged to have occurred in one county but where the action is filed in another. The following questions are presented:

1. Under the provisions of Government Code section 955.2, does the Sacramento Superior Court have the power to do anything except transfer the cause to El Dorado County pursuant to the state's motion?

2. Could the Sacramento Superior Court summarily require the state to answer, thus waiving any demurrer to the complaint?

3. Is the present petition premature in that the Sacramento Superior Court has not acted upon the motions but merely continued them for further hearing after an answer is filed?

In the circumstances of the particular case the answers to these questions depend upon the import and effect of said section 955.2 and will be discussed seriatim.

Government Code section 955.2 was enacted in 1963 as an integral part of the comprehensive legislative review of governmental tort liability problems required by the abrogation of the doctrine of sovereign immunity announced in *Muskopf* v. *Corning Hospital Dist.,* 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457]. It was recommended by the Law Revision Commission and was enacted by the Legislature without modification. With emphasis supplied to the clauses which are determinative of the questions presented, section 955.2 reads as follows:

"*Notwithstanding any other provision of law,* where the State is named as a defendant in any action or proceeding for death or injury to person or personal property and the injury or the injury causing death occurred within this State, *the proper court for the trial* of the action is a court of competent jurisdiction in the county where the injury occurred or where the injury causing death occurred. *The court may, on motion, change the place of trial in the same manner and under the same circumstances as the place of trial may be changed where an action is between private parties.*" (Italics added.)

The commission, in its recommendations to the Legislature, noted that under sections 651 of the Government Code and 401 of the Code of Civil Procedure venue for tort actions against the state lay in any city or county in which the

Attorney General maintained an office and stated: "Legislation should be enacted to provide that the place of trial for a tort action against the State is a court of competent jurisdiction in the county in which the injury occurs. The court should be authorized, however, to change the place of trial in the same manner and under the same circumstances as the place of trial may be changed where the action is between private persons." (4 Cal. Law Revision Com. Rep., p. 1017.) Fairness of the proposed legislation to both parties, prevention of "forum-shopping" by plaintiffs, and elimination of possible burdens to either party by authorizing a change of venue as aforesaid were other considerations advanced by the commission. At page 1048 of its report (*op. cit., supra*), it comments that section 955 is substantially the same as Government Code section 651, except that that section was not qualified by a provision similar to the proposed new section 955.2 which "requires that certain tort actions against the State be tried in the county where the injury occurred."

Van Alstyne in California Government Tort Liability discusses this section at pages 806-807. He states:

"3. The relation of CCP § 401 to this section may cause difficulties. Section 401 provides that any action against the state triable in Sacramento may also be tried in San Francisco or Los Angeles. . . . If the injury occurs in Sacramento County, apparently CCP § 401 permits the plaintiff to bring action in San Francisco or Los Angeles. Application of CCP § 401 in such instances, however, would be contrary to the legislative intent to try the action where the injury occurred 'notwithstanding any other provision of law.' . . . In respect of this intent, the courts undoubtedly will construe this section as an exception to CCP § 401 for tort actions." He notes that section 955.2, because of the comprehensive definition of "injury" in Government Code section 810.8, applies to many of the actions excluded by uniform construction from the operation of Code of Civil Procedure section 395 upon actions between private individuals, and continues:

"5. If a private individual is named as a codefendant with the state, this section appears to *control venue*. The proper venue for an individual (e.g., a state employee) may differ from that for the state. Although it is proper to bring an action in the individual's resident county, if this is not where the injury occurred, it is not proper against the state.

Moreover, because the place of the injury is proper venue against private individuals in only limited cases, in many tort actions venue is proper *only* (italics theirs) at an individual defendant's residence. See Note 4. Thus it could be argued that joinder of the state with private individual defendants raises 'mixed action' venue problems. For the nature of 'mixed actions' and their judicial solution, see 1 Chadbourn, Grossman & Van Alstyne, CALIFORNIA PLEADING §§ 375, 382. *However, the introductory words to this section ('Notwithstanding any other provision of law') seem to make this section the exclusive venue rule in any action or proceeding described in which the state is named as a defendant. See Govt. C § 811, defining law."* (Italics added.)

Government Code section 811 defines "law" as used in the Governmental Tort Liability Act as including "not only enactments but also the decisional law applicable within this State as determined and declared from time to time by the courts of this State and of the United States." Under section 810.6 thereof "enactment" includes constitutional provisions and statutes. ■ Correlating these definitions with the substance of section 955.2, we hold that upon the filing of the state's motion for change of venue the superior court in Sacramento County had no power to do anything except to transfer the case to El Dorado County, being the county where the injury occurred.

Plaintiff's and defendant Bertolucci's counsel are correct in arguing that the phrase "the proper court for the trial" is one of venue rather than of jurisdiction in its strict sense. However, the first clause of section 955.2 ("Notwithstanding any other provision of law") clearly eliminates the uncertainties and confusion in venue and jurisdictional problems that have plagued both courts and litigants under both statutory and decisional law. In *Channell* v. *Superior Court,* 226 Cal.App.2d 246, at page 254 [38 Cal.Rptr. 13], Justice Friedman in his dissenting opinion aptly refers to the "overly complex, murky and time-worn condition of the venue provisions of the Code of Civil Procedure." In the light of the reference to decisional law in Government Code section 811 it is clear that the Legislature intended to avoid these complexities whenever the state is made a defendant in a tort action.

In our opinion the case is analogous to the problem dealt with in *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280

[109 P.2d 942, 132 A.L.R. 715]. There the court recognized a kind of procedural jurisdiction to exist and held that in given instances if a statute authorizes a prescribed procedure and a court acts contrary thereto it exceeds its jurisdiction. (Cf. discussion pp. 286-291.) If one accepts the purposes of section 955.2 explained by the Law Revision Commission, the statute plainly vests the power to change venue of a tort action against the state to a county other than that wherein the injury occurred in the superior court designated as the proper court for the place of trial, namely, that wherein the injury occurred.

By its own terms Government Code section 955.2 stands *sui generis*. It is therefore unnecessary to discuss the venue-jurisdiction problems and holdings in *Channell* v. *Superior Court, supra,* 226 Cal.App.2d 246; *McPheeters* v. *Board of Medical Examiners,* 74 Cal.App.2d 46 [168 P.2d 65]; *Newman* v. *County of Sonoma,* 56 Cal.2d 625 [15 Cal.Rptr. 914, 364 P.2d 850], and other cases cited and discussed by respective counsel. By virtue of Government Code section 811, quoted *supra,* the section eliminates the application of principles derived from them to cases of tort liability against the state.

In view of the foregoing, our answer to the second question posed herein is that the order requiring the state to answer was in excess of jurisdiction of respondent court because it had no discretion but to grant the state's motion.

In answer to the third question, because of the foregoing, and also because the order of continuance of the state's motion was in legal effect an order denying the motion (*Heald* v. *Hendy,* 65 Cal. 321 [4 P. 27]), we hold that the application for writ of mandate was not premature.

Let a peremptory writ of mandate issue commanding the respondent court to forthwith transfer case No. 157829, entitled *"Beatrice E. Vincent, Plaintiff,* v. *Lorenzo Bertolucci, State of California, et al., Defendants,"* to the Superior Court of the State of California in and for the County of El Dorado and to vacate its order of August 5, 1965, continuing the state's motion for change of venue and ordering the state to file its answer within the time specified therein.

Pierce, P. J., and Regan, J., concurred.