[Civ. No. 1437. Fifth Dist. Feb. 26, 1971.]

In re the Marriage of SANDRA EILEEN and JIMMIE LEE DOVER.
SANDRA EILEEN DOVER, Respondent, v.
JIMMIE LEE DOVER, Appellant.

## COUNSEL

Terry L. Allen and Rowland V. Howard for Appellant.

Fishman & Moshenko and D. M. Fishman for Respondent.

## OPINION

GINSBURG, J.*—Petitioner, the husband,[1] seeks a writ of supersedeas staying certain proceedings in superior courts and restraining the wife from proceeding further in actions in such courts pending the outcome of his appeal herein.

The application of the husband alleges that on January 23, 1970, the wife filed a petition in the County of Merced, asking for dissolution of her marriage with the husband pursuant to Civil Code section 4506, subdivision (1), and custody of the minor child of the parties. The husband filed a response asking for dissolution of the marriage, a determination of the property rights of the parties, and custody of the minor child, aged 4. The petition and response were in the forms prescribed by rules 1281 and 1282, California Rules of Court. An order to show cause in re the custody of the minor child was issued at the request of the wife, and, by stipulation, the matter was referred to the probation officer for investigation and recommendation.

On May 8, 1970, the report of the Merced County Probation Department was filed; it recommended to the court that the husband or the grandparents, and not the wife, be granted custody of the minor child. Thereafter, and before the hearing re custody, the wife moved for a change of venue from Merced County to Orange County. Her motion was denied on July 2, 1970; the judge pointed out that to grant it would permit "forum shopping."

On the date set for hearing the order to show cause re custody, the wife filed a request for dismissal under the provisions of section 581 of the Code of Civil Procedure.[2]

On September 8, 1970, the request was granted by the judge, over the objections of the husband made in open court upon the ground that he had requested affirmative relief in the response. Prior to filing the request for

---

*Assigned by the Chairman of the Judicial Council.

[1]Petitioner herein, the husband, was the "respondent," and respondent herein, the wife, was the "petitioner" in each of the superior court proceedings referred to in this opinion under the provisions of the Family Law Act (Civ. Code, §§ 4000-5138; see Cal. Rules of Court, rule 1201). To avoid confusion, the parties to this action will be referred to as "husband" and "wife."

[2]Code of Civil Procedure, section 581, provides, in part: "An action may be dismissed in the following cases: 1. By plaintiff, by written request to the clerk, filed with the papers in the case, . . . at any time before the actual commencement of trial, upon payment of the costs of the clerk or judge; *provided, that a counter claim has not been set up, or affirmative relief sought by the cross-complainant or answer of the defendant.*" (Italics added.)

dismissal of the Merced County proceeding, the wife filed a new proceeding for dissolution of marriage in Orange County (Orange County proceeding No. D-40214 (Santa Ana)).

The husband filed timely notice of appeal from the judgment of dismissal in the Merced County proceeding, and his appeal is now pending in this court. The issue presented on the appeal is whether under the provisions of the Family Law Act (Civ. Code, §§ 4000-5138) and the California Rules of Court promulgated by the Judicial Council pursuant thereto,[3] a matter may be voluntarily dismissed by the petitioner before the entry of the interlocutory judgment and after a response requesting a dissolution and other relief has been filed.

Appellant husband in the proceeding now before us asks for a writ of supersedeas to prevent the wife from proceeding in the Orange County action, and for such other and further relief as may be necessary to preserve his rights pending determination of this appeal. No reply has been filed or appearance made by the wife in opposition to the application.

■ We recognize that the rules governing such writs do not encompass a decision on the merits of the appeal. "An application for a writ of supersedeas . . . is an auxiliary process in aid of [the court's] appellate jurisdiction to stay proceedings on the order or judgment from which the appeal is taken [citations omitted]. It is not the function of such a writ to reverse, supersede, or impair the force of, or pass on the merits of the judgment or order from which the appeal is taken; the validity of such judgment or order is to be reviewed on the appeal therefrom. . . ." (*Smith* v. *Smith,* 18 Cal. 2d 462, 464-465 [116 P.2d 3].) Nonetheless, we are constrained to note that upon the basis of the record before us, and assuming that the totality of the pertinent proceedings before the trial court are included therein, the judgment of dismissal will necessarily be reversed on this appeal.[4]

---

[3]We note in connection with the Family Law Act (div. 4, pt. 5, §§ 4000-5138 of the Civ. Code) that Civil Code section 4001 provides: "Notwithstanding any other provision of law, the Judicial Council may provide by rule for the practice and procedure in proceedings under this part." The Family Law Rules (rule 1201 et seq., Cal. Rules of Court), including forms for use in such matters, were adopted by the Judicial Council pursuant to this authority and that contained in section 6, article VI, of the California Constitution. (See 56 A.B.A.J., *California Divorce Reform: Parting is Sweeter Sorrow,* pp. 660, 663.) The words "Notwithstanding any other provision of law" in Civil Code section 4001, *supra,* make such rules "sui generis" and controlling over both statutory and decisional law. (See *State of California* v. *Superior Court,* 238 Cal.App.2d 691, 695-696 [48 Cal.Rptr. 156].) *We must thus look to these Family Law Rules of Court before looking to the laws applicable to civil actions generally to determine the appropriate practice and procedure.*

[4]An examination of the "Family Law Rules" (Cal. Rules of Court, rules 1201-1290) compels this conclusion. Rule 1233 provides that a proceeding under the Family Law Act may be dismissed ". . . under the circumstances and in the manner

In his application for writ and argument in support thereof, the husband alleges that the Superior Court of Orange County has denied his motion to quash and has set a hearing on an order to show cause in re custody of the minor child; this would give rise to two courts assuming concurrent jurisdiction if he prevails on this appeal. He further points out that he cannot ask for orders with regard to custody, support, and visitation rights in the Orange County Superior Court, and at the same time contest its right to proceed. Since the Superior Court of Merced County now regards the action there as dismissed, there is no forum to which the husband can apply for appropriate orders pendente lite; without such a forum he cannot litigate custody or even obtain enforceable visitation rights.

■ The rule governing the circumstances under which supersedeas will issue has been recently stated in *People* ex rel. *S. F. Bay etc. Com.* v. *Town of Emeryville,* 69 Cal.2d 533, at page 537 [72 Cal.Rptr. 790, 446 P.2d 790]: "So, too, the rule now is that in aid of their appellate jurisdiction the courts will grant supersedeas in appeals where to deny a stay would deprive the appellant of the benefit of a reversal of the judgment against him, provided, of course, that a proper showing is made. On principle, it would be a terrible situation if in a proper case an appellate court were powerless to prevent a judgment from taking effect during appeal, if the result would be a denial of the appellant's rights if his appeal were successful."

■ Should the husband prevail on this appeal and the judgment of dismissal of the Merced County Superior Court be set aside, he would be entitled to a writ of prohibition to prevent the Superior Court of Orange County from proceeding further. (See *Morrisette* v. *Superior Court,* 236 Cal.App.2d 597, 603 [46 Cal.Rptr. 153], and *Stearns* v. *Los Angeles City School Dist.,* 244 Cal.App.2d 696, 708 [53 Cal.Rptr. 482].) It would seem clear that in order to prevent a judgment of another court issued during

prescribed by section 581 . . . of the Code of Civil Procedure. . . ." The controlling factor in determining whether a plaintiff has the right to dismiss under this section has been held to be whether the other party has requested affirmative relief, *regardless of the form of the pleading.* (*Guardianship of Lyle,* 77 Cal.App.2d 153, 154-155 [174 P.2d 906].)

The form of response specified by rule 1282 is the only pleading permitted to be made by a respondent (rule 1215 (c)), and requests for relief in a response are specifically provided for (rule 1221) and are deemed controverted (rule 1238). Rule 1206 specifies that provisions of law apply regardless of *nomenclature* if they would otherwise apply under the Family Law rules. Thus, if a "response" asks affirmative relief, it must be treated as a cross-complaint or answer of the "defendant" (respondent) within the meaning of Code of Civil Procedure section 581; where such a response has been filed, the "plaintiff" (petitioner) would have no right, merely because of the difference in nomenclature, to request a dismissal thereafter without the consent of the respondent.

the pendency of this appeal from depriving the appellant herein of the benefit of a reversal, a writ should now issue prohibiting the Orange County court from proceeding further. ■ But, as pointed out by the husband, if the Superior Court of Orange County is prohibited from proceeding, there will then be no court in which matters concerning the custody of the minor child of the parties pendente lite can be litigated, absent further orders of this court. Code of Civil Procedure section 917.7 provides for the continuance in effect of certain orders concerning custody and visitation of minor children while an appeal is pending; there is no provision for the making of such orders pending an appeal from a dismissal. No citation of authority is necessary for the proposition that the welfare of a minor child of the parties is paramount to all other considerations in a dissolution matter pending before an appellate court as well as in one pending before a trial court; it would be an unthinkable result if the issuance of an order of this court resulted in there being no forum which could act to protect the interests of the child during the pendency of the appeal.

Section 923 of the Code of Civil Procedure in effect affirms the inherent power of a reviewing court to make such orders as may be necessary "to preserve the status quo" during the pendency of an appeal.[5] In *People ex rel. S. F. Bay etc. Com.* v. *Town of Emeryville, supra,* 69 Cal.2d 533, the Supreme Court issued a writ to prevent the defendant from conducting fill activities in San Francisco Bay during the pendency of the appeal; an injunction to this effect had been dissolved by the trial court in the judgment appealed from. The court noted that had the defendant been permitted to resume its fill activities, it would have been able, as a practical matter, to render the appeal moot and the fruits of a reversal would be irrevocably lost.

Likewise, in the instant case, an inability on the part of the husband to be with the 4-year-old child, coupled with an unfavorable custody situation (if such there be) over an extended period during litigation, may unfavorably affect the father-child relationship and thereby the welfare of the child, and the fruits of a reversal may thus be irrevocably lost. This reviewing court cannot itself determine and issue appropriate orders concerning the custody of the minor child, but provision for the making of such orders pendente lite by an appropriate forum may be made to preserve the status quo at the time the judgment was entered from which the appeal was taken; a substantial part of that

---

[5]Section 923 of the Code of Civil Procedure reads as follows: "The provisions of this chapter shall not limit the power of a reviewing court or of a judge thereof to stay proceedings during the pendency of an appeal or to issue a writ of supersedeas or to suspend or modify an injunction during the pendency of an appeal *or to make any order appropriate to preserve the status quo, the effectiveness of the judgment subsequently to be entered, or otherwise in aid of its jurisdiction.*" (Italics added.)

status quo was the authority of the Superior Court of Merced County to make proper custody orders pendente lite. We, therefore, deem it essential that the judgment of dismissal be suspended in its operation and effect, and that, pending determination of this appeal, the Superior Court of Merced County have the same jurisdiction to make custody, support, and visitation rights orders re the minor child of the parties as it would have had if said judgment had not been entered. Only in this manner can the status quo be preserved and the welfare of the child be protected; any other conclusion might deprive the appellant-husband of the benefits of a reversal should he be successful in this litigation.

It is, therefore, ordered that (1) a writ of prohibition issue forthwith commanding the Superior Court of the County of Orange to take no further action in case No. D-40214 (Santa Ana) pending therein, and staying proceedings in that cause pending the determination of this appeal; and (2) a writ of supersedeas issue to the Superior Court of the County of Merced suspending and staying the effect of the judgment of dismissal in case No. 40946 pending therein, and ordering such court to take such proceedings, hear the evidence, and make such orders pendente lite as may be necessary and proper in said case and for the best interests and protection of the minor child of the parties with regard to his care, custody, control, support, and visitation during the pendency of this appeal.

Stone, P. J., and Gargano, J., concurred.

On March 26, 1971, the opinion was modified to read as printed above.