Opinion
 

 PARAS, J.
 

 —Petitioners seek a writ of mandate after the Sacramento Superior Court ordered this action transferred to Yolo County for trial.
 

 On or about December 28, 1976, on Highway 16 in Yolo County, Robert and Mary Delgado’s 1972 Chevrolet collided with a Yolo County sheriff’s car occupied by Sheriff’s Officers Louis Delgatto and Dennis Oliver. Mary was killed and Robert suffered serious injuries. On April 22, 1977, Robert, Mary’s three minor children, and Mary’s other heirs filed this action in Sacramento County for property damage, personal injuries and wrongful death against the seller of the Chevrolet (they bought it used in 1974 from a Sacramento dealership. Lew Williams Chevrolet Center), the manufacturer, General Motors Corporation and the County of Yolo.
 

 On May 11, 1977, prior to any responsive pleadings, Yolo County filed a notice of motion to transfer venue to Yolo County under Code of Civil Procedure section 394. A hearing was set for June 2, 1977. Petitioners filed written opposition to the motion on May 25, 1977. The next day. May 26, 1977, seven days before the June 2. 1977 hearing, Yolo County served by mail and filed a supplemental memorandum of points and authorities and declaration, for the first time seeking a change of venue based upon convenience of witnesses and promotion of the ends of justice under Code of Civil Procedure section 397, subdivision 3. Petitioners filed and personally served their opposition thereto on June 1, 1977.
 

 On June 2, 1977, without stating whether its action was based upon section 394 or section 397, subdivision 3, the Sacramento Superior Court ordered the case transferred to Yolo County.
 

 I
 

 Petitioners correctly argue that the order cannot be upheld as an exercise of the court’s power to transfer for the convenience of witnesses
 
 *563
 
 under Code of Civil Procedure section 397, subdivision 3, because no answer was filed (see
 
 Pearson
 
 v.
 
 Superior Court
 
 (1962) 199 Cal.App.2d 69, 75 [18 Cal.Rptr. 578]), and because inadequate notice was given (see Code Civ. Proc., §§ 1005 (10 days) and 1013 (5 additional days for mail service)). Yolo County makes no attempt to argue otherwise. Accordingly, the order transferring the case must be justified, if at all, by Code of Civil Procedure
 
 section 394.
 

 II
 

 Section 394 provides in pertinent part as follows: “. . . any action or proceeding against the . . . county ... for injury occurring within the . . . county . . . caused by the .. . alleged negligence of such . . . county ... or its agents or employees,
 
 shall
 
 be tried in such county. . . .” (Italics added.) Although couched in mandatory language, the statute is not jurisdictional, and may be waived by failure to move for change of venue within a reasonable time.
 
 (Newman
 
 v.
 
 County of Sonoma
 
 (1961) 56 Cal.2d 625, 627-628 [15 Cal.Rptr. 914, 364 P.2d 850].) Nevertheless, where the county is the sole defendant, the section requires the court to transfer the case to that county upon timely application. (See
 
 Channell
 
 v.
 
 Superior Court
 
 (1964) 226 Cal.App.2d 246, 253 [38 Cal.Rptr. 13].)
 

 In the present case, however, Yolo County is not the only defendant. Defendant Lew Williams Chevrolet Center has its principal place of business in Sacramento County.
 
 [1]
 
 This is the equivalent of “residence” for venue purposes.
 
 (Hale
 
 v.
 
 Bohannon
 
 (1952) 38 Cal.2d 458, 473 [241 P.2d 4].) And Code of Civil Procedure section 395 provides that venue is proper in the “county in which the defendants, or some of them, reside. . . .” If Lew Williams Chevrolet Center were the sole defendant, venue would be proper in Sacramento County.
 

 Thus this is one of those troublesome “mixed venue” cases, in which two inconsistent venue provisions appear to be concurrently applicable to the same case. (See Van Alstyne,
 
 Venue of Mixed Actions in California
 
 (1956) 44 Cal.L.Rev. 685.) Thirteen years ago, prior to the 1970 amendment to Code of Civil Procedure section 395, we were presented with identical facts and held that venue should remain in Sacramento County despite the invocation of section 394 by Placer County.
 
 (Channell
 
 v.
 
 Superior Court, supra.)
 

 
 *564
 
 At the time of the
 
 Channell
 
 decision, Code of Civil Procedure section 395 commenced with the following introductory sentence: “In all other cases,
 
 except as in this section otherwise provided,
 
 . . . the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action.” (Italics added.)
 

 In 1970, the first clause was amended, so that the sentence now reads:
 
 “Except as otherwise provided by law . . .
 
 the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action.” (Italics added.)
 

 The majority in
 
 Channell
 
 concluded that section 395’s opening phrase, “In all other cases, except as in this section otherwise provided,” gave that section’s
 
 residence
 
 venue provisions predominance over or at least equality with the
 
 local
 
 venue provision in section 394. The dissent strongly argued that this interpretation was incorrect, that in fact, “The opening phrase of section 395 is a subordinating declaration, which renounces any dominance over the local actions described in sections 392, 393 and 394.” (226 Cal.App.2d at p. 254.)
 

 Without further comment as to the correct interpretation of the
 
 former
 
 phraseology, we hold that the
 
 new
 
 amendment is a true subordinating declaration, thus requiring an interpretation in accord with the dissent in
 
 Channell.
 
 The phrase, “Except as otherwise provided by law” means that section 395 is to be applied only when there is no other applicable venue provision. In the present case section 394 applies, and the trial court correctly concluded that it had a mandatory duty under that section to transfer the action to Yolo County. The
 
 Channell
 
 holding is no longer appropriate.
 

 Accordingly, the stay of the order transferring the case to Yolo County is vacated, the petition for a peremptory writ of mandate is denied, and the alternative writ is discharged.
 

 Puglia, P. J., and Regan, J., concurred.
 

 [1]
 

 Defendant General Motors’ principal place of business in the state does not appear in the record, and the parties do not rely on its presence or absence from Sacramento or Yolo Counties in their briefs.