[No. A109515. First Dist., Div. One. Nov. 17, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
FAROOQ A. ALEEM, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Under California Rules of Court, rules 976(b) and 976.1, only the introductory paragraph, part I. of the Discussion on pages 1157–1160, and the Disposition are certified for publication.

C, COUNSEL

Paul V. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Seth K. Schalit, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STEIN, Acting P. J.**—Defendant Farooq A. Aleem appeals from convictions of multiple counts of sexual and related offenses against two young women, identified as Jane Doe 1 and Jane Doe 2.[1]

FACTS[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.

**Venue**

The charges relating to Jane Doe 1 arose out of conduct occurring in San Francisco and San Mateo Counties. The charges relating to Jane Doe 2 arose out of conduct occurring in San Francisco, Alameda and Solano Counties. Penal Code section 777[3] provides that when a crime is committed within a particular county, venue lies in that county. (*People v. Posey* (2004) 32 Cal.4th 193, 209 [8 Cal.Rptr.3d 551, 82 P.3d 755].) Section 781 states that where a crime is committed partly in one county and partly in another, or when the acts or effects constituting the crime or requisite to its commission occur in more than one county, venue lies in each of the counties in question. (32 Cal.4th at p. 209.) San Mateo, therefore, was

---

[1] Defendant also was charged with offenses against a third young woman, Jane Doe 3, but the jury hung on all charges involving her, except for a charge of assault to commit oral copulation, on which they returned a verdict of not guilty. The court declared a mistrial as to the other charges.

[*] See footnote, *ante*, page 1155.

[3] All statutory references are to the Penal Code.

a proper venue for the crimes committed in San Mateo County and for any crime partly committed in San Mateo and partly in San Francisco, or where the acts or effects of a crime committed in San Francisco occurred in San Mateo. San Francisco was a proper venue for the crimes allegedly committed in San Francisco and also for any crimes partly committed in San Francisco or where the acts or effects of the crimes occurred in San Francisco, even if the crimes were partly or even wholly committed in San Mateo, Alameda or Solano Counties. Similarly, Solano and Alameda Counties were proper venues for crimes committed in San Francisco where the acts or effects of the San Francisco crimes occurred in Solano or Alameda County. ■ In addition, section 784 provides that for the crime of kidnapping, venue is proper in the county where the offense was committed, or where the victim was taken, or where an act was done by the defendant in instigating, procuring, promoting or aiding in the commission of the offense or in abetting the concerned parties.[4] San Francisco, Alameda and Solano Counties, therefore, were proper venues for the charges involving the kidnapping of Jane Doe 2.

On July 15, 2003, pursuant to section 954,[5] the San Mateo District Attorney moved to consolidate all the crimes for purposes of prosecuting them in San Mateo. The motion was supported, in part, with a letter from the San Francisco District Attorney agreeing that defendant might be prosecuted in San Mateo for the crimes subject to prosecution in San Francisco.

Defendant did not object to consolidation. On September 15, 2004, however, approximately one month before trial, defendant moved to dismiss any charges for crimes where either Solano or Alameda provided a proper venue, contending that those crimes could not be prosecuted in San Mateo in the absence of written consent from the Solano and Alameda County District Attorneys. The court ultimately dismissed six counts relating to crimes committed outside of San Mateo or San Francisco, but allowed trial to go forward on four counts based on conduct committed partly in San Francisco, reasoning that because the cases could be tried in San Francisco, the San Francisco District Attorney could agree to have the matters tried in San Mateo. Defendant was convicted of two of those counts: counts 17 and 18,[6] each charging him with violating section 288a, forcible oral copulation,

---

[4] Section 784 provides that jurisdiction for kidnapping "[i]s in any competent court within the jurisdictional territory in which the offense was committed, or in the jurisdictional territory out of which the person upon whom the offense was committed was taken or within the jurisdictional territory in which an act was done by the defendant in instigating, procuring, promoting, or aiding in the commission of the offense, or in abetting the parties concerned therein."

[5] Section 954 allows the trial court to consolidate related offenses so that they may be tried in one proceeding, or to order the offenses be tried separately.

[6] The counts originally were numbered differently, but ultimately were charged as counts 17 and 18 in an amended information.

involving Jane Doe 2. Both crimes were committed in San Francisco, but each charged count included an allegation of kidnapping that allegedly began in Solano County, continued through Alameda County and ended when defendant released the victim back in San Francisco County. Defendant contends that his convictions of those crimes must be reversed because they were tried in San Mateo without the written agreements of the Solano and Alameda County District Attorneys.

Defendant cites section 784.7, which provides in relevant part: "(a) When more than one violation of [specified sex offenses] occurs in more than one jurisdictional territory, the jurisdiction[7] of any of those offenses, and for any offenses properly joinable with that offense, is in any jurisdiction where at least one of the offenses occurred, subject to a hearing, pursuant to Section 954, within the jurisdiction of the proposed trial. At the Section 954 hearing, the prosecution shall present evidence in writing that all district attorneys in counties with jurisdiction of the offenses agree to the venue. Charged offenses from jurisdictions where there is no written agreement from the district attorney shall be returned to that jurisdiction." Defendant's position is that notwithstanding that the crimes in question were committed in San Francisco, because section 781 expands venue so that the crimes might also have been tried in either Alameda or Solano Counties, section 784.7 acts to limit the power of San Francisco's District Attorney to agree to having the crimes tried in San Mateo. This interpretation of section 784.7 is wholly inconsistent with its purpose, which is "to permit offenses occurring in different counties to be consolidated so that a victim may be spared having to testify in multiple trials in different counties." (*People v. Betts, supra,* 34 Cal.4th at p. 1059 & fn. 15; see also *Price v. Superior Court, supra,* 25 Cal.4th at p. 1055.)[8] In addition, such an interpretation would require San Mateo to

---

[7] For purposes of the venue statutes, the terms "jurisdiction" and "jurisdictional territory" refer to the place or places appropriate for a defendant's trial. Venue does not implicate the trial court's fundamental jurisdiction in the sense of either personal or subject matter jurisdiction. (*People v. Betts* (2005) 34 Cal.4th 1039, 1049 [23 Cal.Rptr.3d 138, 103 P.3d 883]; *People v. Posey, supra,* 32 Cal.4th at pp. 207–208; *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1054 [108 Cal.Rptr.2d 409, 25 P.3d 618].)

[8] As explained in *Price v. Superior Court, supra,* 25 Cal.4th at pages 1055–1056, "Section 784.7 was enacted to protect repeat victims of child abuse or molestation and victims of domestic violence, offenses that are often inflicted on the same victim by the same perpetrator, from the need to make multiple court appearances to testify against the perpetrator and to reduce costs of separate trials. A Senate floor analysis by the Senate Rules Committee regarding the measure, which originated as Assembly Bill 2734, offered the author's statement of the purpose of the bill:

" '[Assembly Bill] 2734 seeks to provide for the ability to combine trials when the victim and the defendant are the same for all the offenses. In crimes of domestic violence and child abuse or molestation, there is a high degree of mobility. The first offense may happen in one

"return" the case to both Alameda and Solano if those counties fail to agree to venue even though the crimes in question were committed in San Francisco. Indeed, under defendant's interpretation of section 784.7, the crimes couldn't be tried in San Francisco without the written agreement of Alameda and Solano, creating the possibility that the crimes couldn't be tried at all. We decline to give the statute a construction that subverts the intent of the Legislature. (See *People v. Cottle* (2006) 39 Cal.4th 246, 254 [46 Cal.Rptr.3d 86, 138 P.3d 230].)  ■  We find, therefore, that section 784.7 requires only that if no other statute authorizes trial in a particular jurisdiction, the case can be tried there by agreement of the district attorney of any jurisdiction providing an appropriate venue.[9] As San Francisco provided an appropriate venue, it was enough that San Francisco agreed that the crimes might be tried in San Mateo.

## II.–IX.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

county, and then the victim moves to another county. The defendant follows them and commits the same crime again. Because of the repeat offenses, the victim is faced with the possibility of multiple trials.

" '[Assembly Bill] 2734 would allow the trials to be combined when the defendant, victim and crime are the same. This will save the victim from testifying in the multiple trials over several years. Additionally, this will provide a cost savings to the trial court system by reducing the number of trials.' (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill 2734, as amended June 15, 1998.)"

[9] The People also raise the issue of the timeliness of defendant's complaint about venue. A defendant's right to be tried in a venue authorized by statute is a right subject to waiver by the defendant. (*People v. Simon* (2001) 25 Cal.4th 1082, 1097 [108 Cal.Rptr.2d 385, 25 P.3d 598].) In *Simon*, the court, after a thorough analysis of existing law, held, "taking into account the nature and purpose of the venue safeguard and the substantial state interest in protecting the integrity of the process from improper 'sandbagging' by a defendant, we conclude that a defendant who fails to raise a timely objection to venue in a felony proceeding forfeits the right to object to venue—either at trial or on appeal." (*Id.* at p. 1104.) The court later held that a defendant who fails to raise an objection to venue prior to trial ordinarily will be deemed to have forfeited such a claim. (*Id.* at p. 1108.) Here, defendant had every chance to object to venue at the section 954 hearing, but did not raise the issue until over a year later. He did, however, raise the point prior to trial. As we conclude that defendant's interpretation of section 784.7 is incorrect, we need not decide whether he has forfeited the right to object to venue by failing to raise the issue at the section 954 hearing.

*See footnote, *ante*, page 1155.

## Disposition

The judgment is modified to strike the order that defendant pay restitution to Jane Doe 3. In all other respects the judgment is affirmed.[17]

Swager, J., and Margulies, J., concurred.

A petition for a rehearing was denied December 13, 2006, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied March 14, 2007, S149176.

---

[17] By separate order filed today, we also deny defendant's petition for writ of habeas corpus.