Filed 3/16/16  P. v. Guillen CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSE ANGEL GUILLEN,<br><br>        Defendant and Appellant. | A143978<br><br>(Contra Costa County<br>Super. Ct. No. 05-140423-5) |

Defendant was convicted of one count of a forcible lewd act upon a child (Pen. Code,[1] § 288, subd. (b)(1)) and 10 counts of a lewd act upon a child (§ 288, subd. (a)). He now appeals his conviction on the first count for a forcible lewd act on the ground venue was improper in Contra Costa County.  We affirm.

## I.  BACKGROUND

In October 2013, defendant was charged with nine counts of committing a lewd act upon Jane Doe, a child under the age of 14.  (§ 288, subd. (a).)  All nine counts were alleged to have taken place in Contra Costa County.  The complaint was later amended to add a new count for a forcible lewd act upon a child (§ 288, subd. (b)(1)) in Solano and Contra Costa Counties, as well as yet another count for a lewd act upon a child (§ 288, subd. (a)).

In January 2012, when Jane Doe was 11, she began practicing with defendant's dance group, Club Guillen, in Vallejo.  Jane Doe "friended" Club Guillen's Facebook

---

[1] All statutory references are to the Penal Code.

page and started communicating with defendant through that account. In or around January 2013, defendant sent Jane Doe private Facebook messages saying she was pretty and he wanted to dance with her. In June 2013, defendant sent Jane Doe more Facebook messages, asking if she had lost her virginity and saying he wanted to touch her.

Around the same time, defendant began touching Jane Doe. Jane Doe testified defendant would touch her vagina and breasts, and also put his mouth on her breasts. Defendant touched Jane Doe in his car, as well as at her home in Vallejo.

In July or August 2013, defendant took Jane Doe on a road trip to Los Angeles. They were accompanied by defendant's girlfriend, their baby daughter, and a friend. At the preliminary hearing, Officer Patrick Salamid testified Jane Doe told him defendant attempted to touch her within the first five or 10 minutes of the trip. At trial, Jane Doe testified defendant started trying to touch her about an hour after they left. Jane Doe further testified she was sitting in the front passenger seat next to defendant, and defendant tried to untie her sweatpants. Jane Doe tried push his hands away, but she lacked the strength to resist. While the other passengers were asleep, defendant touched Jane Doe's vagina and digitally penetrated her. Defendant also whispered to Jane Doe and wrote her messages on his phone, asking why she was resisting.

Jane Doe's mother later found out about the Facebook messages from defendant, and the matter was reported to the police. When interrogated by police, defendant admitted to sending certain Facebook messages to Jane Doe. He also admitted to touching her vagina and kissing her. At trial, defendant denied touching Jane Doe in an inappropriate manner. He said he made false admissions because he had once been tortured by police in Mexico. Defendant also denied writing the incriminating Facebook messages.

The jury found defendant guilty on all counts. The trial court imposed the midterm of eight years for the forcible lewd act count, a consecutive two-year term for one of the counts for a lewd act, and concurrent two-year terms on the remaining counts, for a total term of 10 years.

## II. DISCUSSION

Defendant now argues his conviction on the count for a forcible lewd act should be reversed because venue was improper as to that count. The count is based on defendant's conduct during the road trip to Los Angeles. At the close of evidence, defense counsel moved for a hearing on venue, contending the evidence showed the road trip started in Brentwood and Jane Doe testified the touching occurred about an hour into the trip. While defendant could not specify where the touching might have occurred, he asserted it could not possibly have happened in Solano or Contra Costa Counties, as it would have taken no more than a few minutes to drive through those counties. The trial court found the motion was untimely, and in any event, defendant's argument was contrary to the statutory scheme. We agree with the trial court's conclusion, if not its reasoning.

"Venue is a question of law that is governed by statute." (*People v. Thomas* (2012) 53 Cal.4th 1276, 1282.) Pursuant to section 777, the proper venue for a criminal action is generally in the superior court of the county where the crime was committed. However, the Legislature has carved out exceptions to this rule. Section 781 states that where an offense is committed in more than one jurisdictional territory "or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more jurisdictional territories, the jurisdiction of such offense is in any competent court within either jurisdictional territory." Section 783 sets out a similar rule for offenses committed in cars moving through the state: "When a public offense is committed in this State, . . . [in] a . . . motor vehicle . . . transporting passengers . . . the jurisdiction is in any competent court, through . . . the jurisdictional territory of which the . . . car . . . passes in the course of its . . . trip, or in the jurisdictional territory of which the . . . trip terminates."

Section 784.7 sets forth yet another exception to the general rule for situations in which multiple sex offenses occur in more than one jurisdictional territory. Specifically, it provides: "If more than one violation of Section . . . 288 . . . occurs in more than one jurisdictional territory, the jurisdiction of any of those offenses, and for any offenses

3

properly joinable with that offense, is in any jurisdiction where at least one of the offenses occurred, subject to a hearing, pursuant to Section 954, within the jurisdiction of the proposed trial.  At the Section 954 hearing, the prosecution shall present written evidence that all district attorneys in counties with jurisdiction of the offenses agree to the venue.  Charged offenses from jurisdictions where there is no written agreement from the district attorney shall be returned to that jurisdiction." (§ 784.7, subd. (a).)

Defendant argues section 784.7 applies here.  According to him, the 10 counts for a lewd act in violation of section 288, subdivision (a) were committed in Contra Costa and Solano Counties, while the one count for a forcible lewd act in violation of section 288, subdivision (b) was committed somewhere else, though he cannot specify where exactly.  Defendant asserts that, pursuant to section 784.7, the prosecution of the forcible lewd act count could not proceed in Contra Costa County absent written evidence the district attorneys from the counties in which the offense was committed agreed to that venue.[2]  Without such evidence, defendant argues, the forcible lewd act count should have been returned to the unspecified jurisdictions in which the offense was committed.

We conclude venue in this matter is not governed by section 784.7.  Instead, since the offense occurred in a motor vehicle traveling through multiple jurisdictions, section 783 sets forth the relevant rule for determining venue.[3]  As discussed above, section 783 applies when, among other things, a public offense occurs in motor vehicle transporting passengers through the state.  Pursuant to section 783, the appropriate venue is in "any . . . jurisdictional territory" through which defendant's vehicle passed during the course of its trip.  As there is no dispute defendant's vehicle passed through Contra Costa County, venue is appropriate there.  Moreover, unlike section 784.7, section 783

---

[2] The district attorney for Solano County consented to venue in Contra Costa County.

[3] Because we conclude venue was proper, we need not and do not consider the Attorney General's arguments that defendant forfeited his right to challenge venue by failing to raise the issue earlier, defendant lacks standing to challenge venue, and any error was harmless.

4

does not require the consent of district attorneys from other jurisdictions.  Alternatively, section 781 could apply as the offense was committed in "in part in one jurisdictional territory and in part in another."  (§ 781.)  Under section 781, "the jurisdiction for the offense is in any competent court within either jurisdictional territory."  Contra Costa would be an appropriate venue under section 781, since the evidence shows defendant committed preparatory acts there, including messaging Jane Doe and organizing the trip.

Our Supreme Court reached a similar conclusion in *People v. Betts* (2005) 34 Cal.4th 1039 (*Betts*).  In that case, the defendant, a truck driver, molested an underage victim while hauling goods from Riverside County.  (*Betts*, at pp. 1044–1045.)  The trial court found venue was proper in Riverside under section 781, even though the defendant may not have touched the victim there, because the defendant had formed the intent to molest the victim at the outset of the trip.  (*Betts*, at p. 1057.)  The Supreme Court found the evidence at trial supported this conclusion.  (*Id.* at p. 1058.)  The court also rejected the defendant's contention that section 784.7 exclusively governed venue determinations in child molestation cases.  (*Betts*, at p. 1058.)  The court acknowledged that where general and specific statutes which deal with the same subject are inconsistent, the specific will prevail over the general.  (*Ibid.*)  However, it found no conflict between section 781 and section 784.7:  "Section 781 addresses venue for crimes that are committed in part in one county and in part in another.  Section 784.7 addresses an entirely different matter.  It expands venue for specified offenses to permit crimes involving the same defendant and the same victim that occurred in different counties to be tried in the same county.  The purpose of section 784.7 is to permit offenses occurring in different counties to be consolidated so that a victim may be spared having to testify in multiple trials in different counties.  Permitting an offense to be tried in either of two counties under section 781 does not conflict with the language or purpose of section 784.7."  (*Betts*, at p. 1059, fns. omitted.)

Defendant argues *Betts* dealt with a previous version of section 784.7, and the statute's subsequent amendment vitiates the court's holding that it does not conflict with

section 781.[4]  The argument is meritless.  In 2002, section 784.7 was amended to require a prosecutor to present evidence that all district attorneys in counties with jurisdiction over the offense agreed to venue.  (Stats. 2002, ch. 194, § 2, p. 855.)  The amendment also added language stating charged offenses from jurisdictions where there is no written agreement from the district attorneys shall be returned to those jurisdictions.  (*Ibid.*)  But even after the 2002 amendment, the purpose and effect of section 784.7 remained the same.  It continued to set forth the rule for determining venue in cases where there are *multiple* sex offenses involving the same victim and the same defendant.  Nothing in the current version of section 784.7 conflicts with sections 781 and 783, which permit a *single* offense committed in multiple jurisdictions to be tried in any of those jurisdictions.

Defendant's construction of section 784.7 would also lead to absurd results. Under defendant's interpretation, Contra Costa County is required to return this matter to the other jurisdictions where the offense was committed if the district attorneys from those jurisdictions fail to agree to venue in Contra Costa.  Since the identity of these other jurisdictions is unknown, obtaining consent would be difficult if not impossible, as would the prosecution of the count for a forcible lewd act.  It would be contrary to the intent of the statute to allow defendant to escape prosecution merely because he committed the offense in a moving vehicle and Jane Doe was not paying attention to the route or road signs while she tried to fend off his advances.  Even if there was evidence concerning the jurisdictions in which defendant touched Jane Doe, defendant's interpretation of section 784.7 still leaves open the possibility the offense would not be tried at all if the district attorneys from those jurisdictions could not agree to venue.  (See *People v. Aleem*

---

[4] Defendant also argues *Betts* is inapposite because, unlike here, the trial court made factual findings that the offense at issue had been committed partly in one county and partly in another.  But there is no dispute the forcible lewd act was alleged to have occurred during a car trip across multiple jurisdictions, or that the trip started in Contra Costa County.  Accordingly, section 783 clearly applies.  There is also substantial evidence defendant engaged in preparatory acts in Contra Costa, so the application of section 781 is supported by the record.

6

(2006) 144 Cal.App.4th 1155, 1160.)  We decline to give section 784.7 a construction that could render venue improper anywhere.

For these reasons, we find venue was proper in Contra Costa County.

## III.  DISPOSITION

The judgment is affirmed.

_____

Margulies, J.

We concur:

_____

Humes, P.J.

_____

Banke, J.

A143978

8

*People v. Guillen*