[No. A059023. First Dist., Div. Three. June 15, 1993.]

WILLIAM LIPARI, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

## COUNSEL

James V. Castelli for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Henry G. Ullerich, Acting Assistant Attorney General, Jose R. Guerrero, Thomas P. Reilly and Robert R. Buell, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

CHIN, J.—William Lipari appeals from a judgment dismissing his petition for writ of mandate, in which he sought an order setting aside the suspension of his driver's license by respondent Department of Motor Vehicles (DMV). He contends that the trial court erred in finding that, under Vehicle Code section 13559,[1] it lacked jurisdiction to hear his petition. We agree. Therefore, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 1991, Officer Stangland of the Sausalito Police Department took Lipari into custody following his arrest for suspicion of driving under the influence of alcohol. After transporting Lipari to the Mill Valley Police Department, Stangland administered two intoxilyzer breath tests to determine the blood-alcohol concentration (BAC) of Lipari's blood. The tests showed that Lipari had a BAC of 0.24 percent. Accordingly, Stangland issued an administrative per se order of suspension under section 13353.2, which requires suspension of the driving privilege of anyone who drives with a BAC of 0.08 percent or more. The DMV upheld the suspension after administrative review.

Lipari then filed a petition for writ of mandate and request for stay in the Superior Court for the City and County of San Francisco (San Francisco

---

[1]All further statutory references are to the Vehicle Code unless otherwise indicated.

Superior Court). The court issued an order staying the suspension and an alternative writ of mandate directing the DMV to reverse the suspension or show cause why the court should not grant relief. By return to the petition, the DMV requested dismissal for lack of jurisdiction under section 13559, which provides in part that a person wanting to challenge an administrative per se suspension order "may file a petition for review of the order in the court of competent jurisdiction in the person's county of residence. . . ." The DMV argued that, under this section, "the only county in which Mr. Lipari can maintain this action is his county of residence, Marin." After hearing, the court issued a judgment dismissing the petition "for lack of jurisdiction under . . . section 13559." This appeal followed.

## DISCUSSION

Resolution of this appeal depends on the import of section 13559, subdivision (a), which provides in relevant part: "(a) Notwithstanding Section 14400 or 14401, within 30 days of the issuance of the notice of determination of the department sustaining an order of suspension or revocation of the person's privilege to operate a motor vehicle after the hearing pursuant to Section 13558, the person may file a petition for review of the order in the court of competent jurisdiction in the person's county of residence. . . ." We must determine whether this provision establishes that the only court with jurisdiction to review an order suspending or revoking a person's driving privilege is the court in the person's county of residence.

 In arguing that it does not, Lipari cites the fact that "the statute does not say . . . that a petition *must* be filed in a driver's county of residence. To the contrary, the statute specifically uses the word 'may.' " ██ █
 Characterizing this as "permissive language," Lipari argues that the statute expands the availability of review by establishing that a driver can "challenge the DMV's order of suspension in both his own county of residence as well as the county of the [DMV administrative] hearing, if different."[2]

Following *Plumbing etc. Employers Council* v. *Quillin* (1976) 64 Cal.App.3d 215 [134 Cal.Rptr. 332], we reject this argument because it

[2]Underlying this argument is a misconception that, aside from section 13559, venue necessarily is proper in the county where the DMV holds the administrative hearing. Unless a statute otherwise provides, Code of Civil Procedure section 393, subdivision (1)(b), governs venue in administrative mandamus actions. (*Lynch* v. *Superior Court* (1970) 7 Cal.App.3d 929, 930-931 [86 Cal.Rptr. 925].) That section provides, in pertinent part, that "the county in which the cause, or some part thereof, arose, is the proper county for the trial" of an action "[a]gainst a public officer . . . for an act done by him in virtue of his office . . . ." A cause arises in the county where the effects of the administrative action are felt, not where the agency signs the challenged order or takes the challenged action. (*Tharp* v. *Superior Court* (1982) 32 Cal.3d 496, 502 [186 Cal.Rptr. 335, 651 P.2d 1141]; *Regents of University of California* v. *Superior Court* (1970) 3 Cal.3d 529, 542 [91 Cal.Rptr. 57, 476 P.2d 457];

misconstrues the statute's use of the word "may." At issue in *Quillin* was Government Code section 800, which provides in relevant part: "In any civil action to appeal or review the . . . determination of any administrative proceeding under this code or under any other provision of state law, . . . where it is shown that the . . . determination . . . was the result of arbitrary or capricious action or conduct . . . , the complainant if he or she prevails in the civil action may collect reasonable attorney's fees . . . ." The court rejected the argument that an award of fees under this section is discretionary, reasoning: "The use of the word 'may' in the statute relates to the desire of the complainant and does not render the jurisdiction of the court discretionary. . . . Although [the statute] states that the complainant may collect reasonable attorney's fees, the clear meaning is that the complainant, if he prevails and makes the prescribed showing, has the power to demand attorney's fees if he so desires; he need not collect them if he does not so desire." (*Quillin, supra,* at p. 224.) Similarly, the use of the word "may" in section 13559 relates to the desire of the driver to seek review of the suspension order. We agree with the DMV that "[w]hat the statute clearly means is that the filing of the petition is optional; the place to file is not."[3]

Our conclusion is consistent with the court's construction of a provision similar to section 13559 in *National Kinney* v. *Workers' Comp. Appeals Bd.* (1980) 113 Cal.App.3d 203 [169 Cal.Rptr. 801]. At issue in *National Kinney* was an employer's challenge to a decision of the Workers' Compensation Appeals Board by petition for writ of review under Labor Code section 5950, which provides in part: "Any person affected by an order . . . of the appeals board *may*, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district *in which he resides*, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order . . . ." (Italics added.) The court explained that this statute "expressly states a petition for writ of review is to be filed in 'the Supreme Court or . . . court of appeal for the appellate district in which [the petitioner] resides.' " (*National Kinney, supra,* at p. 206.) Therefore, petitioner, which was a resident of the Second Appellate District but filed a petition in the Fourth Appellate District, had filed "in the incorrect appellate district . . . ." (*Id.,* at p. 209.) Similarly, we find that section 13559 requires the filing of a petition in the driver's county of residence, and that Lipari, a resident of Marin County, incorrectly filed in San Francisco Superior Court.

However, our conclusion does not establish that section 13559 "affects jurisdiction in the fundamental sense," such that "only the Superior

*Stoneham* v. *Rushen* (1982) 137 Cal.App.3d 729, 734 [188 Cal.Rptr. 130]; *Cecil* v. *Superior Court* (1943) 59 Cal.App.2d 793, 798-799 [140 P.2d 125].)

[3]As the trial court explained: "[A] person does not have to file a petition. He may file a petition. If he wishes to file a petition, he is authorized to do it where he lives."

Court of [Marin] County and no other court has the power to try" Lipari's action. (*Newman* v. *County of Sonoma* (1961) 56 Cal.2d 625, 626-627 [15 Cal.Rptr. 914, 364 P.2d 850].) ■ "Except in a few cases in which the Constitution makes the place of trial jurisdictional [citation] or a statute makes a local place of trial part of the grant of subject matter jurisdiction, venue is not jurisdictional. [Citation.]" (*Id.*, at p. 627.) A court having subject matter jurisdiction over an action, even if not "the court designated as the proper court for the trial," may try the action unless the defendant makes a timely motion for transfer to the proper court. (Code Civ. Proc., § 396b, subd. (a).) ■ Thus, even though Lipari filed his petition in the wrong county, if section 13559's residency requirement is not jurisdictional, the court erred in dismissing the petition.

The power of courts to hear mandamus petitions derives from constitutional and statutory sources that are independent of section 13559.[4] Article VI, section 10, of the California Constitution gives "[t]he Supreme Court, courts of appeal, [and] superior courts . . . original jurisdiction in proceedings for extraordinary relief in the nature of mandamus . . . ." By statute, the Legislature has also provided that a writ of mandamus "may be issued by any court, except a municipal or justice court . . . ." (Code Civ. Proc., § 1085.) Since 1939, the Supreme Court has held that this constitutional and statutory authority includes mandamus review of administrative decisions. (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 138 [93 Cal.Rptr. 234, 481 P.2d 242].) In enacting Code of Civil Procedure section 1094.5, the Legislature codified the mandamus procedure the courts had devised for reviewing the adjudications of administrative agencies. (*Bixby, supra,* at pp. 137-140; *Temescal Water Co.* v. *Dept. Public Works* (1955) 44 Cal.2d 90, 105 [280 P.2d 1].) ■ "Since the enactment of section 1094.5 of the Code of Civil Procedure, it is no longer open to question that in this state the writ of mandamus is appropriate 'for the purpose of inquiring into the validity of

---

[4]On appeal, the parties agree that the petition for judicial review section 13559 contemplates is a petition for administrative mandamus. According to the DMV, the issue for us to determine is "the place of trial for a petition for administrative mandamus to review a DMV determination *after* a hearing. That issue is addressed by—and only by—Vehicle Code section 13559." (Original italics.) (See *Peretto* v. *Department of Motor Vehicles* (1991) 235 Cal.App.3d 449, 454, fn. 6 [1 Cal.Rptr.2d 392] ["the DMV pointed out in its answer [to a complaint] that the exclusive means for review of its order was a petition for writ of mandate (§ 13559)"]; see also *Coombs* v. *Pierce* (1991) 1 Cal.App.4th 568, 575 [2 Cal.Rptr.2d 249] ["if section 13559 is silent on some particular procedure, the general provisions for administrative mandamus apply"]; cf. *Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335, 350-352 [156 Cal.Rptr. 1, 595 P.2d 579] [petition for review under Labor Code section 1160.8 comes within court's jurisdiction over proceedings for extraordinary relief in nature of mandamus].)

any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal . . . .' " (*Boren* v. *State Personnel Board* (1951) 37 Cal.2d 634, 637 [234 P.2d 981].) ■ Thus, "[q]uite apart from the specific authorization of" section 13559, courts have subject matter jurisdiction over mandamus petitions seeking review of DMV decisions. (*Woods* v. *Superior Court* (1981) 28 Cal.3d 668, 675 [170 Cal.Rptr. 484, 620 P.2d 1032] [addressing review of decisions of Department of Social Services].)

Given that section 13559 "is not the statute granting subject matter jurisdiction in this type of case," its provision for filing of a petition in the driver's county of residence is not a jurisdictional requirement. (*Newman* v. *County of Sonoma, supra,* 56 Cal.2d at p. 627.) Accordingly, although the DMV may, upon timely motion, obtain a transfer of a petition that the driver filed in the wrong county (Code Civ. Proc., § 396b), it may not obtain a dismissal of the petition. Thus, the trial court erred in dismissing Lipari's petition.

Once again, we look to *National Kinney* as support for our conclusion. As we have previously explained, petitioner in *National Kinney,* which was contesting an administrative award to one of its employees, did not comply with Labor Code section 5950's requirement of filing in "the appellate district in which [the petitioner] resides . . . ." (Lab. Code, § 5950.) The employee contended that, because "the filing of a petition . . . in the correct appellate district is a jurisdictional matter . . . ," and because there was no transfer or request for transfer to the correct appellate district until after the statutory time limit for filing a petition had lapsed, the court lacked jurisdiction to review the matter. (*National Kinney* v. *Workers' Comp. Appeals Bd., supra,* 113 Cal.App.3d at p. 207.) The court disagreed, finding that "residency of the petitioner, pursuant to Labor Code section 5950, is a directory requirement rather than mandatory for purposes of jurisdiction. Thus, the filing of petition for writ of review in the incorrect appellate district, where the petition is otherwise timely filed, does not deprive that court of jurisdiction." (*National Kinney, supra,* at p. 209; see also *Argonaut Ins. Co.* v. *Workmen's Comp. App. Bd.* (1967) 247 Cal.App.2d 669, 671-672 [55 Cal.Rptr. 810] [court had jurisdiction over petition under Labor Code section 5950 notwithstanding that petitioner was a resident of another appellate district].) Similarly, we find that, notwithstanding section 13559's residency requirement, the trial court did not lack jurisdiction over Lipari's petition.

The judgment is reversed.[5] Lipari shall recover his costs on appeal.

Merrill, Acting P. J., and Werdegar, J., concurred.

---

[5]Because Lipari offers "no good reason" why the superior court should not hear the merits of his petition, we deny his request that we review the merits. (*Bonelli* v. *Flournoy* (1967) 250 Cal.App.2d 495, 498 [58 Cal.Rptr. 535]; see also Cal. Rules of Court, rule 56(a).)