Filed 5/29/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE CALIFORNIA GUN RIGHTS FOUNDATION, <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF LOS ANGELES COUNTY, <br><br> Respondent; <br><br> DEPARTMENT OF JUSTICE et al., <br><br> Real Parties in Interest. | B299798 <br><br> (Los Angeles County Super. Ct. No. 19STCP01187) |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Mel Red Recana, Judge. Petition granted.

Paul Nicholas Boylan for Petitioner.

No appearance for Respondent.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Benjamin M. Glickman and Marla R. Weston, Deputy Attorneys General for Real Parties in Interest.

———————————————

The California Public Records Act (Gov. Code,[1] § 6250 et seq.) (hereafter the CPRA or the Act), was enacted to increase freedom of information by giving the public access to information in possession of public agencies. (*CBS, Inc. v. Block* (1986) 42 Cal.3d 646, 651–652.) "Maximum disclosure of the conduct of governmental operations was to be promoted by the Act. (53 Ops.Cal.Atty.Gen. 136, 143 (1970)." (*Ibid.*) To that end, the CPRA provides that " '[a]ny person may institute proceedings for injunctive or declaratory relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under [the Act].' " (§ 6258; *Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 426 (*Filarsky*).)

We are asked to decide whether section 6259 of the Act bars the Los Angeles Superior Court from exercising jurisdiction when the records sought in the litigation are electronically stored on servers in Sacramento County.[2] Section 6259 provides, as relevant here: "Whenever it is made to appear by verified petition to the superior court of the county where the records or some part thereof are situated that certain public records are being improperly withheld from a member of the public, the court shall order the officer or person charged with withholding the records to disclose the public record or show cause why the officer or person should not do so." (§ 6259, subd. (a).)

---

[1] All undesignated statutory references are to the Government Code.

[2] Electronic data is subject to production under the Act in whatever format it is normally maintained by the agency. (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165.) For purposes of this opinion, we assume that records electronically stored on a server located in Sacramento County are "situated" in Sacramento County within the meaning of section 6259, subdivision (a).

We conclude that section 6259 governs venue, not jurisdiction, and thus it does not deprive a superior court of subject matter jurisdiction over a public records dispute even if the requested records are not situated in the county where the lawsuit is brought. Accordingly, although the records sought in this case are not situated in Los Angeles County, the Los Angeles Superior Court nonetheless has jurisdiction over this action.

We further conclude that the venue provision of section 6259 does not override Code of Civil Procedure (C.C.P.) section 401, which provides that if an action may be brought against the state or its agencies in Sacramento, it also may be brought anywhere the Attorney General has an office. Because this action may be brought in Sacramento County, it may also be brought in Los Angeles, where the Attorney General has an office. We therefore direct the trial court to vacate its order transferring this matter to Sacramento County.

**FACTUAL AND PROCEDURAL BACKGROUND**

The California Gun Rights Foundation (Foundation) sought records "controlled, actually and/or constructively possessed and/or used by" California's Department of Justice and California Attorney General Xavier Becerra (collectively, the State) under the CPRA. After the State denied or "unreasonably delayed" the Foundation's request, the Foundation filed a verified petition in the Los Angeles Superior Court seeking a writ of mandate, as well as injunctive and declaratory relief.

The State filed a motion to transfer the action to the Sacramento Superior Court. In support, it submitted evidence that the records sought by the Foundation were compiled and maintained on servers in Sacramento, and all of the individuals responsible for maintaining the records and responding to CPRA

3

record requests for those records worked in Sacramento. The State urged that the CPRA therefore required this action to be litigated in Sacramento.

In opposition, the Foundation argued C.C.P. section 401 provides that whenever an action against a state agency must or may be brought in Sacramento County, "the same may be commenced and tried in any city or city and county of this State in which the Attorney General has an office." (Code Civ. Proc., § 401, subd. (1).) Because the Attorney General maintains an office in Los Angeles, the Foundation argued that venue was proper there.

On July 15, 2019, the trial court ruled on the State's motion to transfer the action to the Sacramento Superior Court. In response to the Foundation's reliance on C.C.P section 401, the trial court concluded that the statute would entitle the Foundation to initiate and prosecute this action in the Los Angeles Superior Court only if another statute *expressly* required that the action be commenced in Sacramento County. Because the CPRA "does not specifically mention or reference [Sacramento County] and it is not tailored to any particular county other than the one where the subject records are located," the trial court found C.C.P. section 401 did not entitle the Foundation to bring this action in the Los Angeles Superior Court. The court therefore granted the State's motion to transfer the action to Sacramento County.

The Foundation sought review of the trial court's order by way of the instant petition for writ of mandate. This court issued an alternative writ of mandate and stayed the transfer order.

## DISCUSSION

4

The Foundation urges that C.C.P. section 401 applies whenever venue is proper in Sacramento County, whether or not an underlying venue statute expressly references Sacramento. It therefore contends that venue is proper in Los Angeles, and that the trial court erred in ordering the case transferred.

The State does not urge the limited reading of C.C.P. section 401 adopted by the trial court. It nonetheless contends that C.C.P. section 401 does not apply in this case because (1) the place-of-trial provision of section 6259 is jurisdictional, and thus the Los Angeles Superior Court lacks subject matter jurisdiction over this case, and (2) even if section 6259's place-of-trial provision is not jurisdictional, it supersedes C.C.P. section 401 because it is more specific and was more recently enacted. Alternatively, the State contends the trial court had discretion to transfer this case for the convenience of witnesses under C.C.P. section 397.

We conclude that section 6259's place-of-trial provision is not jurisdictional, and C.C.P. section 401 applies to *any* action against the State or its agencies, including this one, brought under the CPRA where venue is proper in Sacramento County. We also conclude that the trial court did not exercise its discretion to transfer venue under C.C.P. section 397, and thus the trial court's ruling cannot be upheld on that basis. The trial court therefore erred in transferring the case to Sacramento County.

## I.

## Standard of Review

Pursuant to C.C.P. section 400, a party aggrieved by an order granting or denying a motion to change venue may petition for a writ of mandate requiring trial of the case in the proper

5

court.  (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 927, fn. 4.)  Generally, an order granting or denying a motion for change of venue is reviewed for an abuse of discretion.  (*Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830, 836.)  However, because the issue before us is one of statutory interpretation, our review is de novo.  (*State Bd. of Equalization v. Superior Court* (2006) 138 Cal.App.4th 951, 956 [applying de novo review of interpretation of statute governing venue for tax refund actions].)

## II.

## The CPRA

"The CPRA was modeled on the federal Freedom of Information Act (FOIA) (5 U.S.C. § 552 et seq.) and was enacted for the purpose of increasing freedom of information by giving members of the public access to information in the possession of public agencies.  [Citation.]" (*Filarsky*, *supra*, 28 Cal.4th at p. 425.)

"Enacted in 1968, CPRA declares that 'access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state.' (§ 6250.)  In 2004, voters made this principle part of our Constitution.  A provision added by Proposition 59 states: 'The people have the right of access to information concerning the conduct of the people's business, and, therefore, . . . the writings of public officials and agencies shall be open to public scrutiny.' (Cal. Const., art. I, § 3, subd. (b)(1).)  Public access laws serve a crucial function.  'Openness in government is essential to the functioning of a democracy.  "Implicit in the democratic process is the notion that government should be accountable for its actions.  In order to verify accountability, individuals must have access to

6

government files.  Such access permits checks against the arbitrary exercise of official power and secrecy in the political process." ' [Citation.]" (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 615 (*San Jose*).)

The CPRA "establishes a basic rule requiring disclosure of public records upon request." (*San Jose*, *supra*, 2 Cal.5th at p. 616; § 6253.)  "In general, it creates 'a presumptive right of access to any record created or maintained by a public agency that relates in any way to the business of the public agency.' [Citation.]  Every such record 'must be disclosed unless a statutory exception is shown.' [Citation.]  Section 6254 sets out a variety of exemptions, 'many of which are designed to protect individual privacy.' [Citation.]  The Act also includes a catchall provision exempting disclosure if 'the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure.' (§ 6255, subd. (a).)" (*San Jose*, at p. 616, italics omitted.)

If an agency denies a request for records, the person making the request "may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records." (§ 6258.)[3] When a petition is filed in "the superior court of the county where the records or some part thereof are situated," the court shall

---

[3]     In full, section 6258 provides:  "Any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under this chapter.  The times for responsive pleadings and for hearings in these proceedings shall be set by the judge of the court with the object of securing a decision as to these matters at the earliest possible time."

order records disclosed if it determines they are being improperly withheld from a member of the public.  (§ 6259, subd. (a).)[4]  The court shall decide the case "after examining the record in camera."  (*Ibid.*)

## III.
## The Los Angeles Superior Court Has Fundamental Jurisdiction Over this Action

The State contends that under section 6259's plain language, only the superior court of the county where the records are located—here, the Sacramento Superior Court—has subject matter jurisdiction over a proceeding to enforce a public records request.  We disagree.

> A. *By Its Plain Language, the CPRA Confers Subject Matter Jurisdiction on "Any Court of Competent Jurisdiction"*

Subject matter jurisdiction " 'relates to the inherent authority of the court involved to deal with the case or matter before it.' "  (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196 (*Varian Medical Systems*).)  "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties."  (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288; see also

---

[4]      In full, section 6259, subdivision (a) provides:  "Whenever it is made to appear by verified petition to the superior court of the county where the records or some part thereof are situated that certain public records are being improperly withheld from a member of the public, the court shall order the officer or person charged with withholding the records to disclose the public record or show cause why the officer or person should not do so.  The court shall decide the case after examining the record in camera, if permitted by subdivision (b) of Section 915 of the Evidence Code, papers filed by the parties and any oral argument and additional evidence as the court may allow."

*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339 (*Kabran*) [because jurisdiction concerns the basic power of a court to act, parties cannot confer fundamental jurisdiction on a court by waiver, estoppel, consent, or forfeiture].) Defects in fundamental jurisdiction therefore "may be raised at any point in a proceeding, including for the first time on appeal," or, for that matter, in the context of a collateral attack on a final judgment. (*People v. Chavez* (2018) 4 Cal.5th 771, 780.)

California's superior courts are courts of general jurisdiction, "which means they are generally empowered to resolve the legal disputes that are brought to them. (Cal. Const., art. VI, §§ 1, 10; see generally 20 Am.Jur.2d (2015) Courts, § 66, p. 464 ['Courts of general jurisdiction have the power to hear and determine all matters, legal and equitable, except insofar as these powers have been expressly denied.'].)" (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 808 (*Quigley*).) Thus, in considering whether a statute deprives a court of subject matter jurisdiction, "we begin with the usual presumption that statutes do not limit the courts' fundamental jurisdiction absent a clear indication of legislative intent to do so. . . . Although the Legislature may impose reasonable restrictions on the fundamental jurisdiction of the courts, our cases reflect 'a preference for the resolution of litigation and the underlying conflicts on their merits by the judiciary.' " (*Ibid.*) Consequently, " 'an intent to defeat the exercise of the court's jurisdiction will not be supplied by implication.' " (*Kabran*, *supra*, 2 Cal.5th at p. 343.) Stated differently, courts "will not infer a legislative intent to entirely deprive the superior courts of judicial authority in a particular area; the Legislature must have *expressly* so provided or otherwise clearly indicated such an intent."

(*International Assn. of Fire Fighters, Local 188, AFL-CIO v. Public Employment Relations Bd.* (2011) 51 Cal.4th 259, 270, italics added; see also *Quigley*, at p. 808 ["If the Legislature means to withdraw a class of cases from state court jurisdiction, we expect it will make that intention clear."].)

In contrast to jurisdiction, venue "is the place of trial—a particular county of the state." (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 779, p. 1015; see also *Milliken v. Gray* (1969) 276 Cal.App.2d 595, 600.) As a general rule, the issue of venue "does *not* involve a question of 'fundamental' or 'subject matter' jurisdiction over a proceeding. '. . . Thus, *venue is not jurisdictional in the fundamental sense*; and, both in civil and criminal cases, a change of venue from the superior court of one county to the same court in another county does not affect its jurisdiction over the subject matter of the cause.' [Citations.]" (*People v. Simon* (2001) 25 Cal.4th 1082, 1096; see also *People v. Dawkins* (2018) 24 Cal.App.5th 698, 704 [venue establishes the proper place for trial, but it does not affect a trial court's personal or subject matter jurisdiction over an action].)

On its face, the CPRA contains no clear indication of a legislative intent to limit the fundamental jurisdiction of the superior courts. To the contrary, section 6258 states that a proceeding to enforce the right to inspect or receive a copy of a public record may be adjudicated "in *any court of competent jurisdiction*." (§ 6258, italics added.) And, although section 6259 references "the superior court of the county where the records or some part thereof are situated," nothing in the language of this section suggests it was intended to limit or withdraw the courts' power to adjudicate disputes under the CPRA. (Cf., e.g., Pub. Util. Code, § 1759, subd. (a) ["No court of this state, except the

10

Supreme Court and the court of appeal, to the extent specified in this article, shall have jurisdiction to review, reverse, correct, or annul any order or decision of the [Public Utilities Commission]"], discussed in *San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 916; Bus. & Prof. Code, § 6100 ["For any of the causes provided in this article, arising after an attorney's admission to practice, he or she may be disbarred or suspended by the Supreme Court"], discussed in *Jacobs v. The State Bar* (1977) 20 Cal.3d 191, 196.)

The State contends that construing section 6259 as jurisdictional is necessary to give meaning to all of the relevant statutory language and to avoid "impermissibly read[ing] terms out of the statutory scheme." Not so. Plainly, section 6259 dictates where a CPRA enforcement action should be filed—i.e., in "the superior court of the county where the records or some part thereof are situated." (§ 6259, subd. (a).) Thus, in the absence of another applicable statutory provision, venue in the present case would be proper only in Sacramento County, where the records the Foundation is seeking are located. But the fact that venue is proper in one court (Sacramento Superior Court) does not affect jurisdiction " '*in the fundamental sense*,' " such that jurisdiction is absent elsewhere. (*Lipari v. Department of Motor Vehicles* (1993) 16 Cal.App.4th 667, 671–672 (*Lipari*), italics added; see also *People v. Thomas* (2012) 53 Cal.4th 1276, 1282 [" 'Venue or territorial jurisdiction establishes the proper place for trial, but . . . does not affect the power of a court to try a case.' "]; *People v. Aleem* (2006) 144 Cal.App.4th 1155, 1159, fn. 7 ["For purposes of the venue statutes, the terms 'jurisdiction' and 'jurisdictional territory' refer to the place or places appropriate for a defendant's trial. Venue does not implicate the trial court's

11

fundamental jurisdiction in the sense of either personal or subject matter jurisdiction"].)

Nor do we agree with the State that jurisdiction must be limited to the superior court of the county where the documents are located in order to facilitate a court's in camera review. Undoubtedly, there will be many CPRA cases that can be most conveniently tried in the county where the records are located. But while the convenience of the court and witnesses are relevant to the question of *venue* (see Code Civ. Proc., § 397, subd. (c))[5], we are not aware of any authority for the proposition that convenience affects fundamental jurisdiction.

Moreover, construing section 6259's venue provision as jurisdictional would create significant problems in carrying out the purpose of the CPRA. Importantly, parties may not know "where the records or some part thereof are situated" until they conduct discovery, which may occur months *after* the lawsuit is filed in a particular county. (§ 6259, subd. (a).) If a particular superior court lacks fundamental jurisdiction because it later determines that the requested records are situated in a different county, then the court's previous orders—including discovery orders regarding the existence and location of those records— would be void. (*Varian Medical Systems, supra*, 35 Cal.4th at p. 196 [order rendered by a court lacking subject matter jurisdiction is void on its face].) In addition, if a party is required to pursue the lawsuit in a different forum, "the clear intent of the Legislature that the matter be resolved expeditiously" would be thwarted. (*Filarsky, supra*, 28 Cal.4th at p. 429.)

---

[5] C.C.P. section 397, subdivision (c) provides, in relevant part: "The court may, on motion, change the place of trial . . . [w]hen the convenience of witnesses and the ends of justice would be promoted by the change"].)

Finally, the State contends that the Legislature's intention that section 6259 is jurisdictional is clear from the Legislative history.  In particular, the State notes that in enacting the CPRA, the Legislature considered and rejected a version of section 6259 that would have made venue proper in "the superior court *of any county*."  The State concedes, however, that there is no record of the reason the Legislature adopted the enrolled version.  As such, the legislative history cited by the State fails to demonstrate any legislative intent to make section 6259's venue provision jurisdictional.  (See *People v. Mendoza* (2000) 23 Cal.4th 896, 921 [" ' "[u]npassed bills, as evidences of legislative intent, have little value" ' "]; *Marina Point, Ltd. v. Wolfson* (1982) 30 Cal.3d 721, 735, fn. 7 ["very limited guidance" can be drawn from Legislature's failure to enact a proposed amendment].)

For all of these reasons, we conclude that section 6259 does not limit jurisdiction over a CPRA dispute to the superior court of the county where the disputed records are located.  Instead, jurisdiction over CPRA disputes may be exercised by "*any* court of competent jurisdiction."  (§ 6258, italics added.)

B.      *Under the CPRA, the Place of Trial Is Not Part of the Grant of Subject Matter Jurisdiction*

The State does not address the absence of an express indication in the CPRA of a legislative intent to limit the superior courts' subject matter jurisdiction, but instead relies on *Newman v. County of Sonoma* (1961) 56 Cal.2d 625, 627 (*Newman*) to argue that such intent should be *inferred* from the placement of a venue provision outside the Code of Civil Procedure.  For the reasons that follow, we are not persuaded.

Although venue and subject matter jurisdiction generally are separate concepts, our Supreme Court said in *Newman* that

13

venue may be jurisdictional in rare cases, including where "a statute makes a local place of trial part of the grant of subject matter jurisdiction." (*Newman*, *supra*, 56 Cal.2d at p. 627.) But because *Newman* found that standard not to have been met under the facts of that case, it provides extremely limited guidance as to how the standard might apply in another case.

*Newman* was an action brought in the San Francisco Superior Court against Sonoma County. Sonoma County urged that because C.C.P. section 394 of the Code of Civil Procedure provided that an action against a county " 'shall be tried *in such county*,' " Sonoma County was not subject to the jurisdiction of the San Francisco Superior Court. (*Newman*, at p. 626, italics added.) The Supreme Court rejected this contention, explaining that the superior court's jurisdiction did not derive from C.C.P. section 394, and thus the statute's provision for the place of trial was "clearly not jurisdictional." (*Newman*, at p. 627.) The court explained: "[C.C.P.] [s]ection 394 is not the statute granting subject matter jurisdiction in this type of case and does not purport to specify the place of trial as part of such a grant. The authority to sue counties is set forth in the Government Code, without any limitation as to the place of the suit. (Gov. Code, § 23004, subd. (a).) The Legislature, instead of including the provision before us as part of the authorization in the Government Code, placed it in the Code of Civil Procedure among several venue provisions which are clearly not jurisdictional. . . . It is clear, therefore, that section 394 is not jurisdictional in the fundamental sense." (*Ibid*.)

The State relies on the *Newman* court's discussion of C.C.P. section 394's placement in the Code of Civil Procedure to argue that "when the Legislature places venue-related provisions

14

in statutes outside the Code of Civil Procedure, within substantive statutes, it means them to be jurisdictional." But *Newman* does not stand for this proposition; as we have said, the holding of *Newman* is that the venue statute at issue was *not* jurisdictional. It is axiomatic that cases are not authority for propositions that are not considered. (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1043; *Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1160.)

Moreover, at least one appellate court has expressly rejected the suggestion that a venue provision is jurisdictional merely because it is placed outside the Code of Civil Procedure. In *Lipari, supra,* 16 Cal.App.4th at p. 673, the plaintiff, a resident of Marin County, filed a petition for writ of mandate in the San Francisco Superior Court seeking an order directing the Department of Motor Vehicles (DMV) to reinstate his driver's license. The lower court dismissed the petition, concluding that because the plaintiff did not reside in San Francisco County, the San Francisco Superior Court lacked jurisdiction over the action pursuant to Vehicle Code section 13559, which provided for judicial review of an order suspending a person's driver's license "in the person's county of residence." (*Lipari*, at pp. 669–670.)

The Court of Appeal reversed, holding that the location of the venue provision in the Vehicle Code was not dispositive of the superior court's jurisdiction. The court explained: "The power of courts to hear mandamus petitions derives from constitutional and statutory sources that are independent of [Vehicle Code] section 13559. [Fn. omitted.] Article VI, section 10, of the California Constitution gives '[t]he Supreme Court, courts of appeal, [and] superior courts . . . original jurisdiction in

15

proceedings for extraordinary relief in the nature of mandamus . . . .' By statute, the Legislature has also provided that a writ of mandamus 'may be issued by any court, except a municipal or justice court . . . .' (Code Civ. Proc., § 1085.)  Since 1939, the Supreme Court has held that this constitutional and statutory authority includes mandamus review of administrative decisions.  [Citation.]  In enacting Code of Civil Procedure section 1094.5, the Legislature codified the mandamus procedure the courts had devised for reviewing the adjudications of administrative agencies. . . .  Thus, '[q]uite apart from the specific authorization of' section 13559, courts have subject matter jurisdiction over mandamus petitions seeking review of DMV decisions." (*Lipari*, *supra*, 16 Cal.App.4th at pp. 672–673.)  The court concluded:  "Given that section 13559 'is not the statute granting subject matter jurisdiction in this type of case,' its provision for filing of a petition in the driver's county of residence is not a jurisdictional requirement.  (*Newman*[,] *supra*, 56 Cal.2d at p. 627.)  Accordingly, although the DMV may, upon timely motion, obtain a transfer of a petition that the driver filed in the wrong county (Code Civ. Proc., § 396b), it may not obtain a dismissal of the petition." (*Lipari*, *supra*, 16 Cal.App.4th at pp. 672–673.)[6]

Like the court in *Lipari*, we reject the contention that section 6259 is jurisdictional merely because the Legislature placed it outside the Code of Civil Procedure.  Such an

---

[6]     The State's reliance on *McPheeters v. Board of Medical Examiners* (1946) 74 Cal.App.2d 46 for the proposition that section 6259 is jurisdictional is misplaced. *McPheeters* did not address section 6259 and, in any event, it concerned venue, not jurisdiction, holding that the trial court should have granted "[t]he motion for *change of venue*." (*Id*. at p. 49, italics added.)

16

interpretation runs afoul of the Supreme Court's admonishment that statutes should not be construed to limit fundamental jurisdiction " 'by implication,' " absent a clear indication of a legislative intent to do so. (*Quigley*, *supra*, 7 Cal.5th at p. 808.) A venue provision's placement in the Government Code, without more, is not in our view such an indication.

We also agree with *Lipari* that the power of courts to hear mandamus petitions derives from constitutional and statutory sources that are independent of statutory schemes such as the CPRA—namely from Article VI, section 10, of the California Constitution and C.C.P. sections 1085 and 1094.5. Thus, quite apart from the specific authorization of section 6259, courts have subject matter jurisdiction over mandamus petitions seeking to enforce the CPRA. (See *Lipari*, *supra*, 16 Cal.App.4th at p. 673.) As a result, section 6259 does not make a local place of trial part of the grant of subject matter jurisdiction over this case, and section 6259's place-of-trial provision is not jurisdictional within the meaning of *Newman*.

## IV.
## Section 6259 Does Not Override
## C.C.P. Section 401's Venue Provision

The Attorney General contends that even if section 6259 dictates venue, not jurisdiction, it overrides C.C.P. section 401's venue provision, with which it is alleged to conflict.[7] We are not persuaded.

_____

[7] Unlike the trial court, the State does not suggest that C.C.P. section 401 applies only if another statute specifically designates Sacramento as the place for suit. The trial court's analysis is inconsistent with case authority and is not urged by either party, and thus we will not address it substantively in this opinion. (See *Harris v. Alcoholic Beverage Control Appeals Bd.* (1961) 197 Cal.App.2d 759, 767 (*Harris*) ["We hold therefore that subdivision (1) of section 401 of the Code of Civil Procedure applies not only where a statute specifically names Sacramento County as

17

C.C.P. section 401 provides: "Whenever it is provided by any law of this State that an action or proceeding against the State or a department, institution, board, commission, bureau, officer or other agency thereof shall or may be commenced in, tried in, or removed to the County of Sacramento, the same may be commenced and tried in any city or city and county of this State in which the Attorney General has an office." (Code Civ. Proc., § 401, subd. (1).) C.C.P. section 401 was enacted in 1947, years before the CPRA. C.C.P. section 401 applies "when the normal rules of venue allow trial [in Sacramento County], as when the 'residence' of the agency is in Sacramento; or when the case involves an act of a public officer that occurred there (Code Civ. Proc., § 393)." (*Regents of University of California v. Superior Court* (1970) 3 Cal.3d 529, 535, fn. omitted (*Regents*); s*ee also Harris*, *supra*, 197 Cal. App.2d at p. 767.)

The purpose of C.C.P. section 401 "is to afford to the citizen a forum that is not so distant and remote that access to it is impractical and expensive. To that end, such provisions should be liberally construed in favor of the private litigant." (*Regents*, *supra*, 3 Cal.3d at p. 536.) In recommending the enactment of C.C.P. section 401, the California State Bar Committee on Administration of Justice stated that " 'it is a severe financial hardship to require litigants to have their cases tried at Sacramento. Certainly as between the State and the individual, the State should and can afford any added expense involved.' " (*Regents*, at p. 537.) At a minimum, C.C.P. section 401 amounts to a determination by the Legislature that state

---

the county where an action or proceeding against the state or its agencies shall or may be commenced, tried or removed but also where such actions and proceedings are properly triable in Sacramento under the general rules of venue"].)

agencies and officers will not be unduly inconvenienced if required to defend actions away from Sacramento in locations where the Attorney General has an office.

In enacting section 6259, the Legislature is presumed to have been aware of C.C.P. section 401 and the *Harris* and *Regents* decisions.[8] There is no basis for concluding that section 6259 impliedly repealed C.C.P. section 401. (See *Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557, 573 [absent an express declaration of legislative intent, courts will find an implied repeal only when there is no rational basis for harmonizing the two potentially conflicting statutes].)

In any event, the two statutes may be rationally harmonized. Pursuant to section 6259, a litigant ordinarily would bring suit to enforce a public records request in the county where the records are situated. Under C.C.P. section 401, if the records are situated in Sacramento, a litigant may sue in Sacramento *or* in any other "city or city and county of this State" where the Attorney General maintains an office.[9] This conclusion is consistent with the statutory language of both section 6259 and C.C.P. section 401, as well as with the Act's goal of providing "[m]aximum disclosure of the conduct of governmental

---

[8] The State argues that *Harris* and *Regents* stand for the limited proposition that C.C.P. section 401 applies when a general venue statute in the Code of Civil Procedure requires trial in Sacramento, but that it does not supersede a venue provision in a specific, substantive statute such as section 6259. However, neither *Harris* nor *Regents* involved section 6259 or any other specific, substantive statute dictating venue. A case does not stand for a proposition it does not address. (*California Building Industry Assn. v. State Water Resources Control Bd.*, *supra*, 4 Cal.5th at p. 1043; *Sonic-Calabasas A, Inc. v. Moreno*, *supra*, 57 Cal.4th at p. 1160.)

[9] The State correctly notes that the Foundation is located in Sacramento. This fact is not relevant to our analysis because nothing in C.C.P. section 401's plain language limits its application to parties located outside Sacramento County.

operations" to the public.  (*CBS, Inc. v. Block, supra*, 42 Cal.3d at pp. 651—652.)

## V.
## The Trial Court Did Not Order a
## Discretionary Change of Venue

The State contends, finally, that even if venue is proper in Los Angeles, the trial court had discretion to order the case transferred to Sacramento under C.C.P. section 397, which provides that the court "may, on motion, change the place of trial . . . [w]hen the convenience of witnesses and the ends of justice would be promoted by the change."  (Code Civ. Proc., § 397, subd. (c).)

Although we agree that the trial court had discretion under C.C.P. section 397 to order the case transferred to Sacramento for the convenience of witnesses, the record makes clear that it did not exercise that discretion here.  Instead, the court ordered the case transferred because it concluded, as a matter of law, that venue was proper only in Sacramento.

We will not presume that the trial court engaged in the exercise of its discretion under C.C.P. section 397 in light of a record that clearly demonstrates that the trial court believed it had no such discretion.  (See *People v. Lettice* (2013) 221 Cal.App.4th 139, 152.)  "Since the trial court's comments . . . indicate that the trial court did not exercise its discretion, we cannot presume that it did."  (*Posey v. Leavitt* (1991) 229 Cal.App.3d 1236, 1249.)[10]

---

[10]     Of course, nothing in our opinion would foreclose the superior court from ordering a discretionary transfer of venue to Sacramento County on an appropriate showing.

## DISPOSITION

The Foundation's petition for writ of mandate is granted. The respondent superior court is directed to vacate its order granting the State's motion to transfer the action to Sacramento County, and to enter a new and different order denying the motion.

The State's request for judicial notice is granted as to Exhibit B, relating to the legislative history of Government Code section 6259, and is otherwise denied. The stay issued by this court on September 5, 2019 is lifted. The Foundation shall recover its costs in this proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

**CERTIFIED FOR PUBLICATION**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.

21